No. 44,206

UNITED STATES FIDELITY AND GUARANTY COMPANY, *Appellant,* v.
WESTERN CASUALTY AND SURETY COMPANY, *Appellee.*

(408 P. 2d 596)

Opinion filed December 11, 1965.

*A. C. Cooke,* of Kansas City, argued the cause, and *Blake A. Williamson, James K. Cubbison, Donald A. Hardy* and *Sheldon M. Crossette,* all of Kansas City, were with him on the briefs for the appellant.

*Roger D. Stanton,* of Kansas City, argued the cause, and *Lee E. Weeks, Leonard O. Thomas, J. D. Lysaught, Richard Millsap, Robert H. Bingham, Ervin G. Johnston* and *Miles D. Mustain,* all of Kansas City, were with him on the briefs for the appellee.

The opinion of the court was delivered by

HATCHER, C.: This appeal stems from a dispute between an insurer under a general automobile liability policy and an insurer under a general liability policy as to the principal liability for an injury to an employee.

The facts are not in dispute.

The National Compressed Steel Corporation (hereinafter referred to as National) was engaged in the business of collecting and processing scrap metal at its place of business in Kansas City, Kansas. National carried a general liability insurance policy with the United States Fidelity and Guaranty Company (hereinafter referred to as United).

M. Rogoff and Co., Inc. had its truck loaded with scrap metal which was delivered to National by Rogoff's employee, Milton Thurston. Rogoff carried a general automobile insurance policy with the Western Casualty and Surety Company (hereinafter referred to as Western).

While National's employees were unloading the truck with an electric crane Thurston was injured through the alleged negligence of National's employees. Thurston brought an action against National for damages. Western refused to enter into the defense of the suit. United, National's insurer, settled the claim for $1,800 and brought an action against Western, Rogoff's insurer, for subrogation in the amount of the settlement plus costs and expenses contending that under the term of Western's policy insuring Rogoff any liability arising out of the loading or unloading of the vehicle belonging to Rogoff was covered by the defendant.

The defendant answered claiming that the injury was expressly excluded by the clear and specific provisions of its policy.

The plaintiff and defendant each filed a motion for summary judgment. The trial court found that injury to Rogoff's employee was excluded from the terms of Western's policy and sustained the defendant's motion for summary judgment.

The plaintiff has appealed.

Certain provisions of Rogoff's general automobile liability policy issued by Western are material at this point.

"I. Coverage A—Bodily Injury Liability; Coverage B—Property Damage Liability: To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of:

"A. bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury' sustained by any person;

"B. injury to or destruction of property, including the loss of use thereof, hereinafter called 'property damage';

"arising out of the ownership, maintenance or use of the automobile,  . . .

. . . . . . . . . . . . . . . .

"III. Definition of Insured:

"(a) With respect to the insurance under coverages A and B, the unqualified word 'insured' includes the named insured and, if the named insured is an individual, his spouse and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or spouse or with the permission of either. The insurance with respect to any person or organization other than the named insured or spouse does not apply:

. . . . . . . . . . . . . . . . .

"(2) to any employee with respect to bodily injury to another employee of the same employer injured in the course of such employment in an accident arising out of the maintenance or use of the automobile in the business of such employer.

. . . . . . . . . . . . . . . .

"This policy does not apply:

. . . . . . . . . . . . . . .

"(c) under coverage A, to (1) bodily injury to any employee of the insured

arising out of and in the course of employment, other than domestic, by the insured or in domestic employment if benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law, or (2) any obligation for which the insured or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law; . . ."

The appellant contends that National and its employees became additional insureds under appellee's policy while National's employees were using Rogoff's truck for unloading purposes and the employee of Rogoff was not National's employee; therefore, the clause excluding Rogoff's employee did not apply to Rogoff's employee injured by National.

The trial court concluded that under the terms of the policy an employee of Rogoff was excluded from its terms and no other questions need be determined. We are constrained to agree.

The question of whether the employees of the appellant's insured were additional unnamed insureds of the appellee is not material to the determination of the present controversy due to the "employee exclusion" clause in the insurance policy issued by appellee to its named insured, Rogoff.

The exclusion clause contained in appellee's policy is stated with clarity and should not be misunderstood by another insurance company.

It reads:

"This policy does not apply:

. . . . . . . . . . . . .

"(c) under coverage A, to (1) bodily injury to any employee of the insured arising out of and in the course of employment, other than domestic, by the insured. . . ."

We find no ambiguity in the language used. We should not seek ambiguity where none exists merely for the purpose of invoking the rule of liberal construction.

In a case involving a dispute between two insurance companies we do not have occasion to apply the rule of liberal or extended interpretation which is sometimes necessary to protect a layman in the coverage which he thought he was receiving.

In *Esfeld Trucking, Inc. v. Metropolitan Insurance Co.,* 193 Kan. 7, 392 P. 2d 107, we stated at page 10 of the opinion:

"We believe the policy is clear and unambiguous and there is no need for judicial interpretation or the application of rules of liberal construction (*Kendall Plumbing, Inc. v. St. Paul Mercury Ins. Co.,* 189 Kan. 528, 370 P. 2d

396) particularly since this is an action between two insurance companies who draw their own policies and should know the meaning of the words used in those policies as they are understood in the general field of insurance."

We conclude that if an injured party is an employee of the named insured under an automobile liability policy, he is excluded by a provision which excludes "bodily injury to an employee of the insured arising out of and in the course of employment . . . by the insured" even though he may not have been the employee of an unnamed insured under the policy whose employees committed the tort.

The exact question involved is one of first impression in this jurisdiction. There is divided authority in other jurisdictions but the great weight of authority appears to be in harmony with the views expressed herein. The cases from other jurisdictions have become too numerous to justify citation for the purpose of classification. Those wishing to research the cases should see the annotation in 50 A. L. R. 2d 78 and A. L. R. 2d, Supplemental Service, Vol. 2, p. 3203 and Vol. 4, p. 1138.

The judgment is affirmed.

APPROVED BY THE COURT.