**HARTFORD ACCIDENT AND INDEMNITY COMPANY, a Connecticut corporation, and Cities Service Oil Company, a Delaware corporation, Plaintiffs,**

v.

**CONTINENTAL CASUALTY COMPANY, an Illinois corporation, Defendant.**

Civ. A. No. 4983.

United States District Court
W. D. Michigan, S. D.
May 18, 1966.

---

Smith, Haughey & Rice, Grand Rapids, Mich., James E. Gould, Grand Rapids, Mich., of counsel, for plaintiffs.

Cholette, Perkins & Buchanan, Grand Rapids, Mich., Grant J. Gruel, Grand Rapids, Mich., of counsel, for defendant.

OPINION

FOX, District Judge.

This is an action brought under the Declaratory Judgment Act, 28 U.S.C. § 2201, seeking an adjudication of the rights and duties of the parties here involved under policies of insurance issued by the respective parties. Jurisdiction is conferred by 28 U.S.C. § 1332.

On August 21, 1963, Robert Skirvin, an employee of the Thermogas Company, to which defendant in this action had issued an automobile policy from its Iowa office, was injured through the negligence of Earl Robideaux, an employee of Cities Service Oil Company, a policyholder of plaintiff in this action. Robideaux was filling a Thermogas truck driven by Skirvin, with liquid propane. During the loading operation, Skirvin was injured.

Defendant's policy contains a general omnibus clause [1] defining "insured" as "any person while using the insured automobile or a hired automobile * * *." "Use" is defined in a further paragraph in defendant's policy as including the loading and unloading of a vehicle.

This court in St. Paul Mercury Insurance Company v. Huitt, 215 F.Supp. 709 (1963), affirmed in part, reversed in part, 336 F.2d 37 (1964), held that in a similar fact situation, coverage under similar provisions of an automobile policy would be extended to a third-party employee while unloading a vehicle.

However, this case involves two clauses of insurance policies which were not in question in the St. Paul case. The first is an employee exclusion clause [2] which provides that the policy does not apply to bodily injury of an employee of the insured for which any benefit or liability by reason of workmen's compensation is available, and the other is a sever-

---

[1] "III Definition of insured

The unqualified word 'insured' includes the named insured and also includes any person while using an owned automobile or a hired automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission, and any executive officer of the named insured with respect to the use of a non-owned automobile in the business of the named insured. * * * "

[2] "This policy does not apply:
    *    *    *    *    *
(b) Under coverage A, to bodily injury to or sickness, disease or death of any employee of the insured arising out of and in the course of (1) domestic employment by the insured, if benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law, or (2) other employment by the insured;
(c) under coverage A, to any obligation for which the insured or any carrier as

ability of interest clause[3] which states that the term "the insured" is to be construed severally and not collectively.

Thus, the issue here is whether the fact that the employee seeking recovery (Skirvin) is not an employee of the "insured" (Cities Service, in this fact situation) would nonetheless result in the application of the employee exclusion clause, despite the presence of the severability of interest clause.

The Sixth Circuit Court has considered several cases involving the employee exclusion clause and has consistently held it to be operative when an employee of the named insured was injured by an employee of a third party otherwise entitled to coverage under the loading-unloading provisions of the policy. Maryland Casualty Co. v. American Fidelity & Casualty Co., 330 F.2d 526 (1964); American Fidelity & Casualty Co. v. Indemnity Insurance Co., 308 F.2d 697 (1962); Liquid Transporters v. Travelers Insurance Co., 308 F.2d 809 (1962); Travelers Insurance Co. v. Ohio Farmers Indemnity Co., 157 F. Supp. 54 (W.D. Ky., 1957), affirmed 262 F.2d 132 (1958).

The Sixth Circuit has also had occasion to consider, in Kelly v. State Automobile Insurance Association, 288 F.2d 734 (1962), a situation involving both the employee exclusion clause and the severability of interest clause, and reached the same result as in the above cases; that is, insurance coverage is not extended to an employee of an additional party which is adjudged an insured under the loading and unloading provisions of an automobile policy.

Since this policy was issued in Iowa, and the Iowa courts have not as yet passed on the proposition here involved, plaintiff urges this court to consider the weight of authority and exercise its judgment in favor of coverage, as it argues the Iowa Supreme Court would do if faced with such a decision.

The Kelly case, supra, relies on the Texas case of Transport Insurance Co. v. Standard Oil Co., 161 Tex. 93, 337 S.W.2d 284 (1959), which in turn relies upon American Fidelity & Casualty Co. v. St. Paul Mercury Indemnity Co., 248 F.2d 509 (CCA 5, 1957).

The Transport Insurance Co. case does involve a severability of interest clause, but the American Fidelity & Casualty Co. case, decided by Judge Brown of the Fifth Circuit, does not. Judge Brown in a later case, Stewart v. Liberty Mutual Insurance Co., 256 F.2d 444 (CCA 5, 1958), distinguished his view in the American Fidelity & Casualty case and extended coverage under the severability of interest clause present in the Stewart case. In this regard, see Conflict Between Fortuitous Adversaries, 29 Insurance Counsel Journal 197.

Severability has been construed by many in the insurance industry to have been a clear expression of intention to provide coverage in situations such as that involved here. See, for example, Gowan, Provisions of Automobile and Liability Insurance Contracts, 30 Insurance Counsel Journal 96.

However, despite the acknowledged conflict in the decisions construing these clauses, the Sixth Circuit has expressed its position in cases of this sort clearly in the cases above cited.

The trial judge in the Maryland Casualty Co. v. American Fidelity & Casualty Co., supra, faced with a similar situation as that confronting the trial judge here, expressed the view that despite his personal predeliction for an opposite result, he felt bound by the Sixth Circuit decisions.

■ Thus, under the decisions of the Sixth Circuit Court of Appeals, coverage does not exist under defendant's policy.

his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law;
\* \* \*"

3. "8. Severability of Interests
The term 'the insured' is used severally and not collectively, but the inclusion herein of more than one insured shall not operate to increase the limits of the company's liability."

Plaintiff's policy would not extend coverage to the employee of Cities Service because of a provision similar to the provision found in this court's St. Paul Mercury case, supra, which defines insured for the purpose of use of an automobile to include only an executive, officer, director, or stockholder of the named insured. However, plaintiff's policy does obligate it to pay on behalf of the insured all sums which the insurer shall become legally obligated to pay as damages because of bodily injury.

Through the principle of vicarious liability, there is no question but that Cities Service would be extended coverage which would apply to an injury resulting from an act of its employee.

Therefore, it is the obligation of plaintiff to defend in Civil Action No. 4947, presently pending in this court.