INDUSTRIAL INDEMNITY COMPANY, a Corporation, Appellant, v. FIDELITY–PHENIX INSURANCE COMPANY, a Corporation, Respondent.

No. 5259

May 31, 1967                    428 P.2d 200

*Elwin C. Leavitt,* of Las Vegas, for Appellant.

*Singleton, DeLanoy & Jemison,* of Las Vegas, for Respondent.

## OPINION

By the Court, Thompson, C. J.:

This is a declaratory relief action by Industrial Indemnity against Fidelity-Phenix. It is Industrial's contention that the omnibus clause of an automobile insurance policy issued by Fidelity covered the liability of A–1 Inland Rentals (the insured of Industrial) as an additional insured, thereby requiring Fidelity to defend a tort action commenced by one Wambolt, an employee truck driver of Pacific Clay Products, the

insured of Fidelity. It is Fidelity's position that by reason of the "employee exclusion" provision of the policy which it issued to Pacific Clay Products, it may not be held liable for the claim of Wambolt against A–1 Inland Rentals and is not obliged to defend that case.

The district court granted summary judgment to Fidelity and this appeal by Industrial followed. In order to understand the issues a brief reference to the underlying tort action is essential. It arose out of the following circumstances. Pacific Clay Products sold a load of concrete pipe to Ace Plumbing & Heating, and delivered it by truck to Las Vegas, Nevada. Upon arrival, the truck driver, Wamboldt, an employee of Pacific Clay Products, commenced unloading the pipe. To accomplish unloading he used a fork lift truck furnished by Ace Plumbing & Heating, who in turn had rented the fork lift truck from A–1 Inland Rentals. The seat of the fork lift truck was defective causing Wambolt to fall and incur injury. He thereafter filed suit for damages against A–1 Inland Rentals and Ace Plumbing & Heating.

The plaintiff in the instant litigation, Industrial Indemnity, had issued a comprehensive liability policy to A–1 Inland Rentals covering the use of the fork lift truck owned by A–1 Inland Rentals. The defendant in the case at hand, Fidelity-Phenix, had issued a comprehensive automobile liability policy to Pacific Clay Products covering the use of the truck in which the pipe was delivered. That policy contained an "omnibus" clause, a "loading and unloading" clause, and an "employee exclusion" clause, to which we will hereafter refer.

A–1 Inland Rentals and its carrier, Industrial, tendered the defense of the tort case to Fidelity asserting that the latter's automobile policy gave primary coverage and that the Industrial policy was excess insurance. Fidelity refused that tender and this action for declaratory relief ensued.

Since all agree that the comprehensive liability policy issued by Industrial to A–1 Inland Rentals covers liability for the accident in question, we turn to examine the Fidelity policy to determine whether it likewise is involved. The named insured of the Fidelity automobile policy is Pacific Clay Products. However, the omnibus clause of that policy provides that the term "insured" also includes "any person while using an owned automobile * * * provided the actual use of the automobile is by the named insured or with his permission," and "the use of an automobile includes the loading or unloading thereof." Notwithstanding the omnibus clause defining the scope of the term "insured," the Fidelity policy under "exclusions" provides that "this policy does not apply * * *

to bodily injury of any employee of the insured arising out of and in the course of his employment by the insured * * *." We must consider the meaning to be given the omnibus and employee exclusion clauses in the factual setting of this case.

Industrial argues that its insured A–1 Inland Rentals also qualifies as an insured under the Fidelity policy since Wambolt was "unloading" the truck within the "loading and unloading" provision of that policy. Thus, being an "insured" under the Fidelity policy, the employee exclusion provision is inoperative since Wambolt was not the employee of A–1 Inland Rentals. On the other hand, Fidelity insists that even if we assume coverage under the "loading and unloading" clause, liability is precluded since the employee exclusion applies where the injured employee is the employee of the *named* insured.

For the purposes of our decision in this case we shall assume that A–1 Inland Rentals qualified as an additional insured under the loading and unloading clause of the Fidelity policy, and shall rest our decision upon the construction to be accorded the employee exclusion provision of that policy. On this narrow point case authority divides. Wisconsin, for example, supports the position here taken by Industrial Indemnity, [See: Sandstrom v. Clausen's Estate, 46 N.W.2d 831 (Wis. 1951); McMann v. Faulstich, 47 N.W.2d 317 (Wis. 1951)] while New Jersey, New York and others support the contention of Fidelity. [Maryland Casualty Co. v. New Jersey Mfrs. Cas. Ins. Co., 128 A.2d 514 (N.J. Super. 1957); Standard Surety & Casualty Co. v. Maryland Cas. Co., 119 N.Y.S.2d 795 (N.Y.Sp.Ct.App.Div. 1953); Erie Railroad Co. v. American Automobile Ins. Co., 114 A.2d 873 (N.J.Super. Ct. 1955); Clinchfield Railroad Co. v. United States F. & G. Co., 263 F.2d 932 (6 Cir. 1959); Campbell v. American Farmers Mutual Ins. Co., 238 F.2d 284 (8 Cir. 1956).]

The Maryland Casualty Co. v. New Jersey Mfrs. Cas. Ins. Co. case, supra, is factually on point with the case at hand and we prefer its resolution of the narrow question here presented. In line with that opinion we hold that the employees exclusion clause of the Fidelity policy precludes coverage for A–1 Inland Rentals as an additional insured under the Fidelity policy.[1] An injured employee of the named insured may not recover on that policy since liability for injury to that person is expressly excluded. Had Pacific Clay Products, the named

---

[1]For an in depth study see Risjord and Austin, Who is the "Insured" Revisited 28 Ins. Counsel J. 100 (1961); also: Brown and Risjord, Loading and Unloading, 29 Ins. Counsel J. 197 (1962).

insured in the Fidelity policy, been designated as a defendant in the underlying tort case, Fidelity, would not be obliged to defend since liability to an employee of Pacific Clay Products was excluded. Erie Railroad Co. v. American Automobile Ins. Co., supra; Clinchfield Railroad Co. v. United States F. & G., supra; Campbell v. American Farmers Mutual Insurance Co., supra. It seems to us an a fortiori proposition that when the defendant in the tort action is not the named insured, Fidelity should not be in a worse position.

For the reasons expressed the summary judgment in favor of Fidelity is affirmed.

COLLINS and ZENOFF, JJ., concur.