**HARTFORD ACCIDENT & INDEMNITY COMPANY, Cities Service Oil Company, Plaintiffs-Appellants,**

v.

**CONTINENTAL CASUALTY COMPANY, Defendant-Appellee.**

No. 17352.

United States Court of Appeals Sixth Circuit.

Oct. 20, 1967.

James E. Gould, Grand Rapids, Mich. (Smith, Haughey & Rice, Grand Rapids, Mich., on the brief), for appellants.

Grant J. Gruel, Grand Rapids, Mich. (Cholette, Perkins & Buchanan, Grand Rapids, Mich., on the brief), for appellee.

Before O'SULLIVAN, EDWARDS and McCREE, Circuit Judges.

PER CURIAM.

Plaintiffs-Appellants, Hartford Accident & Indemnity Company, and its insured, Cities Service Oil Company, brought a declaratory judgment action, 28 U.S.C. § 2201, seeking to have it declared that a policy of liability insurance issued by defendant Continental Casualty Company to Thermogas Company provided coverage for Cities Service Oil Company's exposure in a suit brought against it by a Thermogas employee, injured by the negligence of a Cities Service employee. The employee of Cities Service, while loading a Thermogas truck, negligently injured a Thermogas truck driver. The injured truck driver sued Cities Service. The policy of Continental was issued in Iowa to Thermogas, an Iowa Corporation. It is agreed that Iowa law controls. The District Judge found no applicable Iowa de-

cisions and, following previous decisions of this Court, ruled in favor of defendant. Hartford Accident & Indemnity Co. v. Continental Casualty Co., 273 F.Supp. 851 (W.D.Mich., 1966). The facts are stipulated and appear more fully in the District Judge's opinion. The following is the gist of the dispute.

Under the "omnibus clause" of the Continental policy, the Cities Service employee and Cities Service, as his employer, are included as "insureds," since the employee was "using" the Thermogas truck; "use" being defined in the policy to include loading and unloading. However, the policy also contains an "employee exclusion clause," which *excludes coverage* for injuries to "any employee of *the insured*" if eligible for workmen's compensation benefits. The injured employee here involved was so eligible. The plaintiff Hartford, insurer of Cities Service, urges us to read this clause as "an employee of the insured *claiming coverage*." Its position is that since Thermogas was not being sued by anyone and Cities Service was not being sued by *its* employee, the exclusion clause would not apply; that accordingly the Continental policy would provide coverage for any liability of Cities Service (one of the insured under the omnibus provision of the policy) to the injured employee of Thermogas.

We have heretofore on five occasions dealt with factual situations substantially identical to the one now presented. In those cases, as in this diversity action, the states whose law would govern had not ruled on the involved question. In each such case we declined to read into an employee exclusion clause the propounded qualification, satisfied that neither the language of the policies involved nor sound reasoning required such an extension of coverage. See our opinion in Kelly v. State Automobile, 288 F.2d 734 (CA 6, 1961) for a full discussion of the legal issues. See also Maryland Casualty Co. v. American Fidelity, 330 F.2d 526 (CA 6, 1964); Liquid Transporters, Inc. v. Travelers, 308 F.2d 809 (CA 6, 1962); American Fidel-ity & Cas. Co. v. Indemnity Insurance Co. of North America, 308 F.2d 697 (CA 6, 1962); and Travelers Ins. Co. v. Ohio Farmers, 262 F.2d 132 (CA 6, 1958).

We are not persuaded that we should now reconsider these decisions and we hold that the District Judge was correct to apply them as controlling precedents in ruling in favor of Continental.

Affirmed.