The TRAVELERS INSURANCE COMPANY, a corporation, Plaintiff and Appellant, v. AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, a corporation et al., Defendants and Respondents.

No. 11371.
Decided May 21, 1968.
Rehearing Denied June 18, 1968.
441 P.2d 177.

Jardine, Stephenson, Blewett & Weaver, Jack L. Lewis, Great Falls, Jack L. Lewis (argued), Great Falls, for appellant.

Alexander, Kuenning & Hall, Great Falls, Edward Alexander (argued), Great Falls, L. V. Harris, Helena, William P. Conklin, Great Falls, Keller, Magnuson & Reynolds, Helena, Paul F. Reynolds (argued), Helena, for respondents.

MR. CHIEF JUSTICE JAMES T. HARRISON, delivered the Opinion of the Court.

This action was brought in the District Court of Cascade County by Travelers Insurance Company (Travelers) seeking a declaratory judgment determining that the Montana Hardware Company (Montana Hardware) is an insured under an insurance policy issued to the City of Great Falls, Montana, (the City) by the American Casualty Company of Reading, Pennsylvania (American Casualty). The Court found for the defendants and this appeal followed.

The insurance policy issued to the City by American Casualty covered, among other items, the garbage trucks operated by the city sanitation department. Travelers insured Montana Hardware. A personal injury action was filed against Montana Hardware by one Bert Court, an employee of the city sanitation department. It was alleged in that action that Mr. Court was injured while he was moving and emptying Montana Hardware's garbage cans into the City garbage truck. It was alleged that Montana Hardware was negligent in loading one of the cans with heavy catalogs and in failing to warn Mr. Court of the weight of the can.

American Casualty's policy covered the loading and unloading of the City's trucks. This action was brought to declare that the American Casualty policy afforded primary coverage

to Montana Hardware for the accident because of the loading and unloading provisions. The district court found that although Montana Hardware was an omnibus insured under the American Casualty policy, two exclusions in the policy precluded coverage to them for the accident.

The pertinent exclusions in the American Casualty policy read:

"(f) under coverages A and B, to any obligation for which the insured or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law;

"(g) under coverage A, to bodily injury to or sickness, disease or death of any employee of the insured arising out of and in the course of (1) domestic employment by the insured, if benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law, or (2) other employment by the insured."

The American Casualty policy defines "insured" as follows:

"The unqualified word 'insured' includes the named insured and also includes * * * under coverages A and C, any person while using an owned automobile or a hired automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission * * *."

Condition 8 of the American Casualty policy, a Severability of Interests clause, reads:

"8. Severability of Interests: The term 'the insured' is used severally and not collectively, but the inclusion herein of more than one insured shall not operate to increase the limits of the company's liability."

This appeal can be disposed of by the determination of one issue. Whether the words "the insured" in exclusions (f) and (g) above, refer to an employee of any insured, including the named insured or any omnibus insured, or only an employee of the particular insured claiming coverage. Thus, in this case

if "the insured" means any insured Mr. Court is within the exclusion for he was an employee of the named insured and consequently the American Casualty policy would not cover Montana Hardware. However, if "the insured" means the insured claiming coverage then Mr. Court is not within the terms of the exclusion for Montana Hardware is claiming coverage as an omnibus insured and Mr. Court is not an employee of Montana Hardware. In this latter case Montana Hardware would be covered by American Casualty.

This is a case of first impression in this Court. It is a well litigated issue and the cases in the other jurisdictions are in irreconcilable conflict. 50 A.L.R.2d 78, 97, and Later Case Service. It will serve no purpose to cite all the cases dealing with the question.

The line of authority supporting Travelers' contention that "the insured" means the insured claiming coverage appears to base its position on the following reasoning. It is asserted that the underwriters intended Travelers' construction and when construing a contract it is the intention of the parties which controls. Second, if the term is ambiguous it must be construed against the insurance company. Finally, Travelers contends that the purpose of the exclusions requires their contended construction.

To support the contention that their construction was that intended by the parties, Travelers asserts that although the policy defines "insured" as including both the named insured and any omnibus insured, the use of the word "the" before the word "insured" in exclusive (f) and (g) makes the meaning of "insured". This construction, it is contended, was supposed to have been made clear by the addition of the severability clause. Risjord and Austin, Who is "The Insured," 24 University of Kansas City L.Rev. 65 (1955); Brown and Risjord, Loading and Unloading: The Conflict Between Fortuitous Adversaries, 29 Insurance Counsel Journal, 197 (1962).

If the term is ambiguous, construing it as meaning only the

insured claiming coverage broadens the coverage of the policy for it narrows the appelication of the exclusion. Walker v. Fireman's Fund Insurance Co., D.C., 268 F.Supp. 899 (1967). Consequently Travelers asserts that its construction construes the terms against the insurer.

Apparently the purpose of the exclusion clauses in question is to avoid double coverage which would result from coverage from the employer's workmen's compensation insurance and the liability insurance policy. General Aviation Supply Co. v. Insurance Company of North America, 181 F.Supp. 380 (E.D.Mo., 1960), aff'd, 283 F.2d 590 (8th Cir., 1960). Therefore it follows, Travelers asserts, that since Montana Hardware did not cover Mr. Court with workmen's compensation insurance there is no double coverage and Mr. Court should not be within the terms of the exclusion.

The reasoning of the cases finding the term "the insured" meaning "any insured" seems to be as follows. The policy defines "insured" as including both the named insured and any omnibus insureds. It is asserted that Travelers' contention is unreasonable in that it would result in granting more protection to an employee of an omnibus insured than an employee of the named insured when it was the latter who paid the premiums. Further, it is contended that the term is not ambiguous and therefore there are no grounds for construing it against the insurer. Finally, the intent of the policy is to provide protection for the general public. All employees would have workmen's compensation and consequently double coverage exists under the construction asserted by Travelers.

We find we have here a case where "On facts, strikingly simple, neither complex nor conflicting, we have again the problem of an Insurer who has written the policy and taken the assured's premium urging him to go elsewhere, tentatively if not finally, because another insurer is, or ought to, or may be, liable for the whole, half, or part a loaf. In the process the moving insurer generally garbs itself in the appealing robes

of some assured so that, casting itself in a strange role, it asserts what is so often denied that the policy should be liberally construed and, by a bare toe hold, manages to make itself enough of a party to force a construction of another assured and which, under no circumstance, was made for its benefit. (Citing cases.)

"So it is here. Coming as it does the accident and the assureds seem all but forgotten as the two Insurers match clause against clause, coverage against exclusion, claim against denial, in this battle between fortuitous adversaries." American Fidelity & Cas. Co. v. St. Paul-Mercury Indem. Co., 248 F.2d 509, 511, (5th Cir., 1957).

 We find the authorities supporting American Casualty to be more persuasive. It is the intent of the parties which should determine how the term is construed. It is unreasonable that the City would intend to pay a premium to provide more coverage to an omnibus insured than the City provides itself. This is true even if persons in the insurance industry contend the intent is otherwise.

The issue has been around for many years. If the industry intended the construction asserted by Travelers the addition of two words, "claiming coverage," would have made it clear.

The policy defines "insured." The definition applies to the unqualified use of the word "insured." "Unqualified use" refers to those portions of the policy which restrict themselves to the named insured. We are not moved by the contention that the word "the" qualifies "insured." The plain and logical meaning of "the insured" appears clear.

 If it were not for the prior inconsistent decisions on the issue we would be convinced that there is no ambiguity in the term. If there is ambiguity we do not think the rule of construing the policy against the insurer is applicable. Travelers is a stranger to the policy. It is a contract between the City and American Casualty. It is not a suit between either the injured party or the insured and the insurer. Travel-

ers should get no benefit from construing the policy against American Casualty. Any ambiguity should be resolved in favor of the named insured who must eventually bear the cost of excess coverage. G. C. Kohlmier, Inc., v. Mollenhauer, 273 Minn. 126, 140 N.W.2d 47 (1966).

It is asserted that the severability clause makes it clear that the intention of the contracting parties was to limit the exclusion to the insured claiming coverage. The authorities have gone both ways in construing the effect of the severability clause. We do not find the severability clause to be an express clear and concise statement of the intent of the parties. The application of the severability clause is ambiguous. We cannot do as Travelers requests and say that an ambiguous clause in the policy clears up ambiguity in another clause. This is especially true where we have trouble finding any ambiguity in the term "the insured" to begin with. But in any case ambiguity here should be resolved in favor of the named insured and against the omnibus insured. Thus the severability clause should be construed in favor of American Casualty.

The judgment of the lower Court is affirmed.

In view of our determination it is not necessary to discuss other factors raised by respondents.

MR. JUSTICES HASWELL, ADAIR, JOHN CONWAY HARRISON and CASTLES, concur.