**DELZER CONSTRUCTION CO.,**
**Plaintiff and Respondent,**

v.

**SOUTH DAKOTA STATE BOARD OF TRANSPORTATION, Defendant and Appellant.**

No. 12229.

Supreme Court of South Dakota.

Feb. 15, 1979.

Edward C. Carpenter of Costello, Porter, Hill, Nelson, Heisterkamp & Bushnell, Rapid City, for plaintiff and respondent.

David L. Zuercher, Asst. Atty. Gen., Pierre, for defendant and appellant; William J. Janklow, Atty. Gen., Pierre, on brief.

CHEEVER, Retired Circuit Judge.*

On January 13, 1973, plaintiff entered into a contract with defendant to perform certain construction work in connection with interstate 90 and Highway 14 east of Wall, South Dakota. The work to be performed was described in the contract document as "grading, R.C. box culvert and part surfacing." In connection with the grading, a portion of the dirt for the grade was to be obtained from the "Bloom" pit. The State had previously obtained a borrow pit agreement from Mr. Bloom, which provided that all topsoil on the pit should be removed, stockpiled, and replaced uniformly over the used borrow pit and the borrow area seeded. This agreement was assigned to plaintiff by the terms of the contract.

Incorporated in the contract was an amendment to the standard specifications for roads and bridges, which provided that Section 170 of the standard specifications be modified by the substitution of the following sections:

170.4 Basis of payment. Option borrow excavation, measured as provided above,

---

* Sitting pursuant to SDCL 16–1–5.

will be paid for at the contract unit price per cubic yard, which price shall be full compensation for furnishing the material on the project and for all materials (except topsoil), labor and incidentals required to restore the pit to the condition specified in the contract.

Also, the contract provided at Page 8 thereof as follows:

The Plan Note for Pits 3–4–5 on Sheet # 5 is replaced by the following:

'The following provisions cover the requirements for the removal and measurement and payment of materials from Pits 3–4–5 and the provisions of the Special Provisions for Optioned Borrow Excavation do not apply to these pits.'

The addendum was completely silent as to payment for pit restoration costs.

During the course of the work, it became apparent that there was a dispute between plaintiff and the State Board of Transportation as to whether or not the restoration of the Bloom pit was an included item with the terms of the contract or whether it was to be paid for extra. Apparently, plaintiff refused to do the restoration work for some time because of the fact that the Board insisted that it was not a paid item. However, under a threat of penalty, and after having given written notice of intent to claim payment, plaintiff did perform the work and made a claim for payment on its behalf in the amount of $9,201.90. The claim was denied and plaintiff brought suit to recover. Defendant answered, and plaintiff filed a demand for jury trial.

Defendant then filed a motion for summary judgment, which was denied by the court. The matter was tried to a jury, which returned a verdict in favor of plaintiff, and defendant has appealed. Twenty-three assignments of error form the basis of the appeal. We have reviewed the various assignments, and we affirm the judgment.

The assignments of error have been summarized by defendant in its brief into seven categories, which are as follows:

1. Whether the trial court erred by denying defendant's motion for summary judgment, based upon its consideration of parol evidence alleged by plaintiff to raise issues of fact, where the sole issue was whether additional payment was required by the written contract for work completed.

2. Whether the construction of a written contract presents an issue solely for the court or triable to a jury as a matter of right.

3. Whether Mr. Veal's testimony of statements allegedly made to him in a telephone conversation constituted hearsay and should have been excluded from the record.

4. Whether the interpretation of a written contract by a subcontractor, who is a stranger to the contract without privity, is relevant or material to the issue of the contractual intent thereof.

5. Whether the trial court erred by excluding testimony and striking testimony previously received into evidence without objection, solely on the grounds of an insufficient answer to a written interrogatory where the interrogatories had been answered and no order had been sought or made compelling an additional answer, pursuant to SDCL 15–6–37(a).

6. Whether the evidence consisted solely of parol evidence and a subcontractor's bill to the prime contractor is sufficient to support a verdict in the amount of the subcontractor's bill, against the State of South Dakota, where the contract requires the prime contractor to pay a subcontractor, and the subcontractor is not a party to the action.

7. Whether the trial court erred in its instructions to the jury, thereby allowing the jury to return a verdict contrary to the law regarding public highway construction contracts let to competitive bid.

*Point 1*

Defendant's motion for summary judgment had attached thereto three sepa-

rate affidavits of the employees of the Department of Transportation, together with the construction contract. Plaintiff's resistance to the motion had attached thereto an affidavit of the subcontractor on the project, who had done the actual seeding of the borrow pit, and an affidavit of one of plaintiff's employees, and asserted that there was a material issue of fact. After a hearing on the motion, the court made and entered its order, which reads as follows:

The Court finds that there are additions and deletions to the Contract that create a confusing and muddled picture of the contractual obligations of these parties. The Court further finds that under these set of circumstances parol evidence may be introduced to evidence each parties intentions and dealings creating the contractual obligations. It therefore follows, and the Court finds, that there are questions of fact established by the showings of the parties; and it is therefore

ORDERED, that the Motion for Summary Judgment is in all things denied.

■ It is fundamental that summary judgment cannot be granted if there are questions of fact to be determined. Defendant contends that the court, in order to make such a determination, had to consider certain affidavits by the subcontractor and by plaintiff's employee which contained facts which were hearsay and not relevant. It appears that it was not necessary for the court to consider such affidavits to have arrived at its determination. The court determined that the contract was, in and of itself, ambiguous, and therefore created certain questions of fact.

### Point 2

■ It is defendant's argument that the construction of a written contract presents an issue solely for the court, and that it is not triable to a jury as a matter of right.

■ At the time it entered its order denying the motion for summary judgment, the court determined that there was an ambiguous contract. The law is quite clear that the effects and terms of a contract are questions of law for the court to determine alone. However, while there is no South Dakota case on the question, the weight of authority is to the effect that when there is an ambiguous contract, evidence must be introduced to determine what the intentions of the parties were and that such evidence creates a question of fact, which must be resolved by the jury. *Stetson v. Investors Oil, Inc.*, N.D., 140 N.W.2d 349 (1966); *Ring v. Minnesota Road Builders, Inc.*, 263 Minn. 391, 116 N.W.2d 582 (1962).

### Point 3

■ Concerning the testimony of Mr. Veal, plaintiff's engineer and estimator, defendant contends that statements testified to therein made by Mr. Frankfurter, the resident engineer for defendant, constituted hearsay. This court recently, in the case of *Drier v. Perfection, Inc.*, S.D., 259 N.W.2d 496 (1977), reaffirmed as an exception to the hearsay rule the admissibility of a statement of an agent having ostensible authority to make the same, and we adhere to that holding in connection with this particular point raised by defendant.

### Point 4

■ Defendant has contended that the interpretation of a written contract by a subcontractor who is a stranger to it without privity is not relevant or material to the issue. Defendant has cited no authority for this proposition, and we believe it was not error on the part of the court to admit this testimony.

### Point 5

■ Defendant contends that the trial court erred by excluding testimony rather than striking certain testimony received into evidence without an objection, solely on the grounds of an insufficient answer to a written interrogatory. At the trial, Phillip Helgeson, Jr., who was defendant's area construction engineer at the time the contract was entered into, testified without objection that he had attended both the pre-bid hearing and the pre-construction

meeting. He also testified that he recalled a discussion concerning the payment for the restoration of borrow pits and that the discussion occurred at the pre-construction hearing after the written contract had been signed. He further explained that he had examined a diary which he kept for the dates of the pre-construction meeting. An objection was made to the question whether a diary confirmed Mr. Helgeson's personal recollection. This objection was based solely upon the grounds that the testimony should be excluded because of defendant's insufficient response to plaintiff's written interrogatories Nos. 5 and 6. Interrogatory No. 6 specifically asked whether there were any records or memorandums of any kind prepared dealing with the question of whether pit restoration costs were a pay item or to be absorbed. In answering Question 6, Maynard C. Sommer, State Engineer and Director of the Department of Transportation, made no disclosure that Mr. Helgeson had any written memorandums. At the time that he answered the interrogatories, Mr. Sommer was not aware that Mr. Helgeson had any written memorandum. Such fact was not discovered until approximately five days prior to the commencement of the trial. However, plaintiff's attorneys were not notified of the discovery of this memorandum prior to Mr. Helgeson's testifying. Based upon the failure to disclose this in the answer to the written interrogatories, the court refused to permit Mr. Helgeson to testify on this question, and also struck his testimony from the record.

The situation presented here was that the answer was, unquestionably, incomplete in that it failed to disclose Mr. Helgeson's diary, which fact was not discovered by plaintiff until Mr. Helgeson appeared at the trial as a witness. SDCL 15–6–37(b) is silent as to what sanction the court may impose on a party's failure to perform his duty at an earlier time.

When the fact became apparent during the trial, the court was faced with two alternatives: It could permit the answer to go in, or it could strike the witness's testimony. The court elected to strike the testi-

mony, and we believe that it was within its inherent power to do so.

A review of the record reveals that Mr. Helgeson's testimony was cumulative. It was not the only testimony on the matter in issue, and we do not believe the court committed any error by striking it, or if error, it was harmless.

*Point 6*

■ Point 6 raises the question of the sufficiency of the evidence that supports the verdict. In support of its claim, plaintiff introduced into evidence a statement of the subcontractor for the pit restoration work. The bill in question shows 960 pounds of permanent seed at $2.20 a pound, for $2,112.00; 2.70 tons of fertilizer at $220 a ton, for $594.00; and 110.1 tons of mulch hay at $59.00 a ton, for $6,495.90; resulting in a total of $9,201.90.

Defendant does not contend that pit restoration was not done in compliance with the contract and admits that no payment has been made for such pit restoration. There is also no dispute that plaintiff subcontracted the work to the Hilt Engineering Company and that the bill introduced at trial was the bill submitted to plaintiff for the work involved and is the item in dispute. Accordingly, we conclude that the evidence is sufficient to support the verdict.

*Point 7*

Defendant's final assignments of error challenge certain instructions given by the trial court. We have carefully reviewed these instructions and conclude that they were properly given. The court has determined that the contract was ambiguous and had permitted parol evidence to determine the intention of the parties. Defendant strongly contends that the oral statements made by the employees, who lacked statutory authority, could not bind the State, and also strongly contends that the general law pertaining to resolving ambiguities against the State is contrary to law. See *Drier v. Perfection, Inc.,* supra.

Once it was determined that the contract was ambiguous, the only way in which the intention of the parties to the contract could be determined was by resorting to the oral statements. We believe the contention that the employees of the State lack statutory authority is untenable. With respect to ambiguous contracts, this court held in *City of Sioux Falls v. Henry Carlson Co.*, S.D., 258 N.W.2d 676, 679 (1977): "[I]t must be remembered that where an ambiguous contract exists, it should be interpreted more strongly against one who drafted the contract and caused the uncertainty to exist." The challenged instructions, taken as a whole, fairly and accurately reflect the law of this state.

The judgment appealed from is affirmed.

WOLLMAN, C. J., and DUNN and MORGAN, JJ., concur.

CHEEVER, Retired Circuit Judge, sitting for PORTER, J., who was a member of the court at the time this case was orally argued.

HENDERSON and FOSHEIM, JJ., not having been members of the court at the time this case was orally argued, did not participate.