RICHARD COOK, Plaintiff-Appellant, *v.* COUNTRY MUTUAL INSUR-ANCE COMPANY, Defendant-Appellee.

Third District No. 3—83—0702

Opinion filed June 18, 1984.—Modified on denial of rehearing August 23, 1984.

Gary D. Nelson, Daniel L. Schmidt, and Judith A. Schieber, all of Heyl, Royster, Voelker & Allen, of Peoria, for appellant.

James J. Elson and Walter D. Barra, both of Canton, for appellee.

JUSTICE SCOTT delivered the opinion of the court:

Richard Cook and Larry Hardesty were both employees of Grover DeCounter. DeCounter owned an automobile that Cook and Hardesty were using in their employment. Cook was the driver, Hardesty the passenger. An accident occurred in which Hardesty was injured. He brought suit against his co-employee, Cook.

DeCounter insured the automobile with Country Mutual. Country Mutual refused to defend the lawsuit by Hardesty against Cook. Cook settled the lawsuit with Hardesty. Cook now brings an action against Country Mutual for breach of its duty to defend.

The Country Mutual policy insured "anyone using an insured vehicle with [the named insured's] permission." However, the policy excludes from coverage "bodily injuries sustained by any employee of an insured in the course of employment for that insured." Finally, the policy states that "the insurance coverage under Section 1 ap-

plies separately to each insured against whom a claim or lawsuit is filed." Country Mutual bases its refusal to defend on the employee status of the injured party Hardesty. The circuit court of McDonough County ruled in favor of Country Mutual, determining that no obligation to defend existed, and this appeal by Cook is taken from that ruling.

Cook relies on a 1975 decision of the supreme court, *United States Fidelity & Guaranty Co. v. Globe Indemnity Co.* (1975), 60 Ill. 2d 295, 327 N.E.2d 321, which states:

> "*** the severability clause provides each insured with separate coverage, as if each were separately insured with a distinct policy, subject to the liability limits of the policy. The employee exclusion, therefore, does not exclude protection for an additional insured against an injury suffered by an employee of another insured. The exclusionary clause applies only to the situation where an insured is sued by its own employee.
>
> A reasonable interpretation of the language of the severability clause, that 'the insurance afforded applies separately to each insured,' leads to the obvious conclusion that each insured is to be treated as if each were separately insured. The language shows that the insurer recognizes an obligation to additional insureds distinct from its obligations to the named insured." (60 Ill. 2d 295, 299, 327 N.E.2d 321, 323.)

The supreme court goes on to explain that this interpretation of the employee exclusion is consistent with the purposes and the policies underlying the workman's compensation law.

The opinion in *United States Fidelity* recognizes and distinguishes prior decisions which addressed the sole issue presented in this appeal. The instant case is controlled by the supreme court's reasoning and decision in *United States Fidelity*. Country Mutual attempts to distinguish the language in the policies of insurance involved in the *United States Fidelity* case and the instant case. Specifically, Country Mutual argues that in the instant case the exclusionary clause refers to "an" insured rather than "the" insured and then goes on to argue that "an" means "any." We are not impressed with this tenuous argument. To accept it would dictate that we accept any arbitrary definition of the word "an," but of more import, we are impressed with the supreme court's observation in *United States Fidelity* that "[i]f liability for this latter type occurrence was to be excluded from the policy, it could have been *clearly* stated." (Emphasis added.) 60 Ill. 2d 295, 299, 327 N.E.2d 321, 323.

For the reasons set forth, the judgment of the circuit court of

McDonough County which dismissed the plaintiff's complaint is reversed, and this case is remanded for further proceedings.

Reversed and remanded.

STOUDER and HEIPLE, JJ., concur.