ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Plaintiff and Appellee,

v.

Jason SCHILLING, Pamela K. Godfrey, and Farmers Insurance Exchange, Defendants and Appellants.

and

YMCA of Rapid City, South Dakota, Defendant.

Nos. 18492, 18508.

Supreme Court of South Dakota.

Argued April 25, 1994.

Decided Aug. 10, 1994.

Rehearing Denied Sept. 14, 1994.

---

James L. Hoy of Hoy and Hoy, Sioux Falls, for plaintiff and appellee.

Jerry D. Johnson of Banks, Johnson & Colbath, Rapid City, for defendants and appellants Jason Schilling and Farmers Ins. Exchange.

Wayne F. Gilbert of Johnson Huffman, P.C., Rapid City, for defendant and appellant Pamela K. Godfrey.

MILLER, Chief Justice.

This is an appeal from summary judgment granted to St. Paul in a declaratory judgment action determining it had no duty to defend or indemnify Jason Schilling in an underlying negligence action. We affirm.

## FACTS

Pamela K. Godfrey (Godfrey) was the director of the Rapid City YMCA gymnastics program in the summer of 1989. On Friday, August 11, 1989, Godfrey and four male gymnasts drove to Minot, North Dakota, in a YMCA van to attend a weekend gymnastics clinic. On the return trip Sunday afternoon, Godfrey requested that one of the gymnasts, Jason Schilling (Schilling), drive the van between Minot and Bismarck, North Dakota. Apparently Schilling fell asleep while driving, the van left the road and Godfrey was injured in the resulting accident. Godfrey filed

suit against Schilling in August, 1992, alleging his negligence caused her injuries.

At the time of the accident, Schilling carried personal auto liability coverage with Farmers Insurance Exchange (Farmers). The YMCA was insured with St. Paul Fire & Marine Insurance Company (St. Paul) under policies for commercial general liability, auto liability protection, and umbrella access liability protection. When Godfrey filed suit against him, Schilling requested that St. Paul provide his defense and indemnify him for any liability in the negligence action. St. Paul retained counsel to defend Schilling under a full reservation of rights.

In December, 1992, St. Paul brought a declaratory judgment action against Schilling, Godfrey, the YMCA, and Farmers to determine its duty to defend or indemnify Schilling with respect to the claims asserted in the negligence action. Following a hearing, the trial court concluded that St. Paul had met its burden of proving there was no coverage under its policy for claims asserted in the underlying action. The court entered an order granting St. Paul summary judgment on August 11, 1993.

Schilling and Farmers served notice of appeal in September, 1993. Godfrey served notice in October, 1993. By stipulation of counsel, the parties agreed to consolidation of the actions for this appeal.

## STANDARD OF REVIEW

Whether ambiguity exists in a contract is a question of law. *North River Ins. Co. v. Golden Rule Constr. Co.*, 296 N.W.2d 910, 912 (S.D.1980); *Delzer Constr. Co. v. South Dakota State Bd.*, 275 N.W.2d 352 (1979). This court reviews questions of law *de novo*. *King v. John Hancock Mut. Life Ins. Co.*, 500 N.W.2d 619, 621 (S.D.1993).

Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Krambeck v. Sunshine Insurance*, 505 N.W.2d 131, 132 (S.D.1993); *Garrett v. BankWest, Inc.*, 459 N.W.2d 833, 837 (S.D.1990). Summary judgment will be

affirmed if there exists any basis which would support the trial court's ruling. *King*, 500 N.W.2d at 621.

## DECISION

### I. THE ON–THE–JOB EXCLUSION PREVENTS COVERAGE UNDER THE AUTOMOBILE LIABILITY POLICY AS GODFREY WAS AN EMPLOYEE OF A NAMED INSURED.

In the automobile liability policy issued to the YMCA, St. Paul agreed to pay amounts "you and others protected under this agreement are legally required to pay for a covered bodily injury or property damage claim resulting from an accident involving the ownership, use, maintenance, loading or unloading of a covered auto." "You" means the YMCA as the named insured. The policy also contains an omnibus provision which defines "other protected persons" who will be provided coverage under the policy. The omnibus provision states:

**Who is protected under this agreement**

**Anyone to whom you have given permission to use a covered auto you own, rent, or borrow.[1]**

St. Paul goes on to argue that, in spite of the fact that Schilling is an omnibus insured, the policy provides no coverage for on-the-job injuries, worker's compensation or injuries to a fellow employee. The relevant policy exclusions provide:

**Exclusions—Claims We Won't Cover**

**Workers' compensation.** We won't cover obligations that protected persons or their insurance companies have under workers' compensation, unemployment compensation, disability benefits or similar loss. Nor will we cover your obligation to retain money someone else paid because of bodily injury to an employee of any protected person. But this exclusion doesn't apply to liability you assume under a covered contract.

**On-the-job.** We won't cover any claim for bodily injury to an employee of any pro-

---

1. Although there has been no factual stipulation by the parties, we assume for the sake of this appeal that Schilling was a permissive user of the van. It certainly was not disputed.

tected persons arising out of his or her job. We also won't cover injury to a spouse, child, parent, brother, or sister of that employee[.]

**Injury to a fellow employee.** We won't cover any claim for bodily injury to a fellow employee of any protected person arising out of his or her job.

Although the trial court did not specifically state which policy provision it relied upon in granting summary judgment for St. Paul, it is clear from the authorities the court cited and the arguments of the parties in this appeal that it relied on the on-the-job provision.[2]

St. Paul argues that because Godfrey was an employee of the YMCA, and the YMCA is one of "any protected persons," the on-the-job exclusion applies and eliminates coverage where the injured person is an employee of the named insured under the policy. Schilling and Godfrey contend that the on-the-job exclusion exempts from liability coverage only an insured who is the employer of the injured employee, not an additional insured who does not himself employ the injured person. Basically, their argument is that the on-the-job exclusion precludes coverage only for an insured who was the employer of the injured employee at the time of the accident.

■ Although the language in insurance contracts is to be construed liberally in favor of the insured and strictly against an insurer, that rule of construction applies only when the language of the contract is ambiguous. An insurance contract's language must be construed according to its plain and ordinary meaning and a court cannot make a forced construction or a new contract for the parties. *City of Fort Pierre v. United Fire & Cas. Co.*, 463 N.W.2d 845 (S.D.1990); *Rapid City Regional Hosp. v. South Dakota Ins. Guar.*, 436 N.W.2d 565 (S.D.1989); *Grandpre v. Northwestern Nat'l Life Ins. Co*, 261 N.W.2d 804 (S.D.1977). Further, the scope

of coverage of an insurance policy is determined from the contractual intent and the objectives of the parties as expressed in the contract. *City of Fort Pierre*, 463 N.W.2d at 848; *Black Hills Kennel Club, Inc. v. Fireman's Fund Indem. Co.*, 77 S.D. 503, 94 N.W.2d 90 (1959).

■ The on-the-job exclusion states specifically that coverage will be excluded for claims of an employee of "*any* protected persons." It does not limit the exclusion only to employees of "the named insured" nor does it limit coverage only to claims of an employee of "the protected" person. The trial court did not find this language ambiguous, nor do we. Moreover, to find ambiguity in the policy and extend coverage to Schilling would provide more coverage to an omnibus insured than to the named insured who contracted for and purchased the policy. There is no language in the policy expressing an intent by the named insured to purchase more insurance coverage for an omnibus insured than it had for itself.

In *Birrenkott v. McManamay*, 65 S.D. 581, 276 N.W. 725 (1937), this Court analyzed a similar provision when an employee was injured riding on a motorcycle driven by a fellow employee. The driver was found to be negligent and, when the judgment was returned unsatisfied, the injured employee attempted to recover damages under the employer's liability insurance policy. The employer's policy exempted from liability coverage "employees of the assured." The injured employee argued that the exemption clause should be limited to exclude coverage only for the named insured. This Court held:

Such an interpretation of the exemption clause would mean that the policy offered greater protection from liability to one who obtained the consent of the assured to use his vehicle than it offered to the assured himself. It is the opinion of this court that

2. We note that in Schilling's and Godfrey's consolidated reply brief they concede St. Paul has not abandoned its reliance on the worker's compensation and injury to a fellow employee exclusions. Therefore, we will not address their original contention that St. Paul waived its reliance on those provisions.

Additionally, Schilling asks us to address the question of whether the exclusivity provisions of South Dakota's worker's compensation would preclude Godfrey from recovering from Schilling. We will not address any issue raised for the first time on appeal. *Luke v. Mellette Cnty.*, 508 N.W.2d 6 (S.D.1993); *Mash v. Cutler*, 488 N.W.2d 642 (S.D.1992).

when the clause in the policy protecting any person operating the insured vehicle with the consent of the assured is invoked, that the person invoking said clause is placed in the same position as the named assured.

*Birrenkott,* 65 S.D. at 583, 276 N.W. at 726. The exemption clause contained in St. Paul's policy is more explicit than the clause in *Birrenkott.* It specifically exempts employees of *"any* protected persons," not only "employees of the assured."

Although there is a split of opinion, a number of courts agree with South Dakota's interpretation. *Hartford Accident & Indem. Co. v. Continental Cas. Co.,* 273 F.Supp. 851, aff'd 384 F.2d 37 (6th Cir.1966) (applying Iowa law); *Maryland Cas. Co. v. American Fid. & Cas. Co.,* 217 F.Supp. 688 (E.D.Tenn. 1963), aff'd 330 F.2d 526 (6th Cir.1964) (applying Tenn. law); *Farmers Elevator Mut. Ins. Co. v. Carl J. Austad & Sons, Inc.,* 366 F.2d 555 (8th Cir.1966) (applying North Dakota law); *Kelly v. State Auto. Ins. Assoc.,* 288 F.2d 734 (6th Cir.1961) (applying Kentucky law); *United States Fid. & Guar. Co. v. Western Cas. & Sur. Co.,* 195 Kan. 603, 408 P.2d 596 (1965); *Travelers Ins. Co. v. American Cas. Co.,* 151 Mont. 198, 441 P.2d 177 (1968); *Industrial Indem. Co. v. Fidelity–Phenix Ins. Co,* 83 Nev. 260, 428 P.2d 200 (1967); *State Farm Mut. Auto Ins. Co. v. Employers' Fire Ins. Co.,* 256 N.C. 91, 123 S.E.2d 108 (1961); *Pennsylvania Mfrs. Ass'n v. Aetna Cas. & Sur. Ins. Co.,* 426 Pa. 453, 233 A.2d 548 (1967); *Associated Indem. Corp. v. Wachsmith,* 2 Wash.2d 679, 99 P.2d 420 (1940).

The clear terms of the policy exclude liability coverage for an injured employee of "any protected persons." As Godfrey was an employee of the named insured, and Schilling was an omnibus insured, the exclusion for an employee of "any protected persons" operates to preclude policy coverage for Schilling as a matter of law.

## II. THE SEVERABILITY PROVISION DOES NOT INVALIDATE POLICY EXCLUSIONS.

As their second issue, Schilling and Godfrey claim a severability clause contained in the policy invalidates the on-the-job exclusion as applied to Schilling. The provision provides:

**Separation of protected persons.** This agreement applies:

—to each protected person named in the Introduction as if that protected person was the only one named there; and

—separately to each other protected person.

Schilling and Godfrey argue this separation of protected persons clause creates a separate policy for Schilling and, therefore, the on-the-job exclusion does not operate to eliminate coverage for an employee of another protected person.

This Court has never directly addressed this issue. However, the Eighth Circuit Court of Appeals reversed the determination by a United States magistrate and the subsequent affirmance by the district court and ruled that a severability of interest clause in an insurance policy would not operate to extend protection to an additional insured where such claims were explicitly denied coverage under an employee exclusion. *Universal Underwriters Insurance Co. v. McMahon Chevrolet–Oldsmobile, Inc.,* 866 F.2d 1060, 1064 (8th Cir.1989) (applying South Dakota law).[3] The Eighth Circuit Court employed this Court's reasoning in *Birrenkott* to hold that utilizing the severability clause to provide coverage to a protected person provided coverage under an omnibus clause would contravene our stated policy that such persons were provided coverage "to the same degree as the named insured." *Universal,* 866 F.2d at 1064 (citing *Birrenkott,* 65 S.D. at 583, 276 N.W. at 726).

We agree with the Eighth Circuit Court's interpretation of South Dakota law. Schilling argues that *Birrenkott* has no precedential value, because the policy in question

---

**3.** We note that Judge Wollman, a former Chief Justice of this Court, participated in this decision.

there had no severability clause. If Schilling's position were accepted, the severability clause would operate to provide more coverage to a permittee than to the named insured. This would directly contravene our reasoning in *Birrenkott,* and this Court will not endorse such an outcome. *See also Kelly,* 288 F.2d at 738 ("[named insured] was paying for the protection of its liability insurance against claims asserted by the public, and not by its own employees"); *American Family Ins. Group v. Howe,* 584 F.Supp. 369, 371 (D.S.D.1984) ("operation of omnibus clause creates liability insurance in favor of persons other than the named insured to the same degree as the named insured"); *Pennsylvania Mfrs. Ass'n,* 233 A.2d at 551 ("It would be unreasonable for [named insured] to pay for duplicating coverage benefitting an unknown third person [omnibus insured]").

■ Even were we to find the severability provision created ambiguity, which we do not, because the scope of liability insurance is determined from the intent of the contracting parties, *City of Fort Pierre,* 463 N.W.2d at 848, we would be reluctant to apply the general rule construing ambiguities liberally in favor of the insured and strictly against an insurer in a dispute between insurance companies. *Travelers Indem. Co. v. United States,* 543 F.2d 71, 74 (9th Cir.1976) (applying Oregon law); *Allstate Ins. Co. v. Roelfs,* 698 F.Supp. 815, 817 (D.Ala.1987) (general rule does not apply when the party urging particular construction is not a party to the contract); *United States Fid. & Guar.,* 408 P.2d at 598 ("In a case involving a dispute between two insurance companies we do not have occasion to apply the rule of liberal or extended interpretation which is sometimes necessary to protect a layman in the coverage which he thought he was receiving."); *Kohlmier, Inc. v. Mollenhauer,* 273 Minn. 126, 140 N.W.2d 47, 52 (1966), ("As for the argument that any ambiguity should be resolved against the insurer, ... [where] any ambiguity does exist, it should be resolved in favor of the named insured who must eventually bear the cost of excess coverage."), *overruled on other grounds, Utica Mut. Ins. Co. v. Emmco Ins. Co.,* 309 Minn. 21, 243 N.W.2d 134 (1976); *Travelers Ins. Co. v. American Cas. Co.,* 151 Mont. 198, 441 P.2d 177, 180

(1968) ("If there is ambiguity we do not think the rule of construing the policy against the insurer is applicable. Travelers is a stranger to the policy. It is a contract between American Casualty and [the named insured]. It is not a suit between either the injured party or the insured and the insurer. Travelers should get no benefit from construing the policy against American Casualty. Any ambiguity should be resolved in favor of the named insured who eventually must bear the cost of excess coverage."); *Ellis v. Royal Ins. Co.,* 129 N.H. 326, 530 A.2d 303, 310 (1987) (general rule does not mean that ambiguous policy will be construed in favor of another insurer); *Loblaw, Inc. v. Employers' Lia. Assur. Corp.,* 85 A.D.2d 880, 446 N.Y.S.2d 743, 745 (N.Y.App.1981), *aff'd* 57 N.Y.2d 872, 456 N.Y.S.2d 40, 442 N.E.2d 438 (N.Y.1982) (the rule construing ambiguity against the insurer does not apply in a contest between two insurers); *United Nuclear Corp. v. Mission Ins. Co.,* 97 N.M. 647, 651, 642 P.2d 1106, 1110 (Ct.App.1982) (the general rule does not operate in favor of a third person not a party to the insurance contract), *overruled on other grounds, State ex rel. Regents of New Mexico State Univ. v. Siplast, Inc.,* — N.M. —, 877 P.2d 38 (1994).

Cases from other jurisdictions deciding whether a severability of interest clause invalidates a policy exclusion are not particularly helpful. First, courts are divided as to whether the presence of a severability clause invalidates an employee exclusion. *Hartford Accident & Indem. Co. v. Continental Cas. Co.,* 273 F.Supp. 851, aff'd 384 F.2d 37 (6th Cir.1967) (applying Iowa law); *Travelers Ins. Co.,* 441 P.2d 177; *cf. Cook v. County Mutual Ins. Co.,* 126 Ill.App.3d 446, 81 Ill.Dec. 1, 466 N.E.2d 587 (1984); *Michigan Mutual Liability Co. v. Ohio Cas. Ins. Co.,* 333 N.W.2d 327 (Mich.App.1983); *see also* Allan E. Korpela, Annotation, *Validity, Construction, and Application of Provision in Automobile Liability Policy Excluding from Coverage Injury or Death of Employee of Insured,* 48 A.L.R.3rd 13 §§ 29[a][b] (1973 & Supp.1992). Second, the cases from other jurisdictions do not address the issue of whether the named insured contracted to provide more coverage

for an omnibus insured than for itself. We decline to overrule *Birrenkott*. St. Paul was entitled to summary judgment as a matter of law. The order of the trial court granting summary judgment for St. Paul is affirmed.[4]

WUEST, HENDERSON, SABERS and AMUNDSON, JJ., concur.

---

4. We will not address issue IV concerning an exclusion in the umbrella policy as our analysis of issues I and II is dispositive. After review, we decline to address issue III as having no merit.