2001 SD 110

**Randy HARRIS, Plaintiff
and Appellant,**

v.

**Bonnie RIGGENBACH, Defendant
and Third Party Plaintiff,**

and

**Jean Cline, Third Party Defendant
and Appellee.**

**No. 21709.**

Supreme Court of South Dakota.

Argued March 19, 2001.

Decided Aug. 22, 2001.

Steven C. Beardsley of Truhe, Beardsley, Jensen, Helmers & VonWald, Rapid City, SD, Attorneys for plaintiff and appellant.

Charles M. Thompson of May, Adam, Gerdes, Thompson, Pierre, SD, Attorneys for third · party defendant and appellee.

TUCKER, Circuit Judge

[¶ 1.] Randy Harris (Harris) appeals from an order granting summary judgment in a defamation action against Jean M. Cline (Cline). We affirm.

FACTS

[¶ 2.] Harris' former wife hired Attorney Cline to represent her in visitation and custody proceedings concerning Harris' son. During the same time, defendant and third-party plaintiff Bonnie Riggenbach was counseling the Harris' son. In preparation for the visitation and custody hearing, Cline spoke with Riggenbach, whom

she had known professionally for fifteen years. Riggenbach expressed her concerns that Harris had sexually and physically abused his son. Cline then prepared an affidavit that included a signed statement by Riggenbach that, "based on my training, background, and working with the child, I believe that he has been abused both physically and sexually. That the evidence presented indicates that this abuse comes from Joshua's father, Randy Harris."

[¶ 3.] Riggenbach admitted that she does not perform evaluations or make determinations regarding physical and sexual abuse. However, Riggenbach testified that she had legitimate concerns about Harris having custody of his son, and that the affidavit was true, even though the language was strong. She reviewed the affidavit, signed it under oath, and at no time challenged or sought to modify the language in the affidavit. Riggenbach knew that she was signing the affidavit as her sworn testimony of her opinions, and that it would be used in court.

[¶ 4.] It was later determined that no sexual abuse ever occurred, and that Harris never abused his child. Harris originally brought suit against Riggenbach for defamation, negligence, and negligent and/or intentional infliction of emotional distress. When Cline was brought in as a third party defendant to these claims, Harris amended his complaint to assert these claims directly against Cline. The trial court granted Cline's motion for summary judgment against both Harris and Riggenbach. It is from this order that Harris appeals.

### STANDARD OF REVIEW

[¶ 5.] This Court's standard of review of a trial court's granting of summary judgment is well established:

In reviewing a grant or a denial of summary judgment under SDCL 15-6-56(c),

we must determine whether the moving party demonstrated the absence of any genuine issue of material fact and showed entitlement to judgment on the merits as a matter of law. The evidence must be viewed most favorable to the nonmoving party and reasonable doubts should be resolved against the moving party. The nonmoving party, however, must present specific facts showing that a genuine, material issue for trial exists. Our task on appeal is to determine only whether a genuine issue of material fact exists and whether the law was correctly applied.

Peterson v. Hohm, 2000 SD 27, ¶ 7, 607 N.W.2d 8, 10. "Summary judgment will be affirmed if there exists *any* basis which would support the trial court's ruling." *Wolff v. SD Game, Fish and Parks Dept.,* 1996 SD 23, ¶ 32, 544 N.W.2d 531, 537 (citing *St. Paul Fire & Marine Ins. v. Schilling,* 520 N.W.2d 884, 886 (S.D.1994)).

### DECISION

### ISSUE ONE

[¶ 6.] **Does SDCL 20-11-5(2) preclude assertion of a defamation claim against Attorney Cline?**

[¶ 7.] Defamation, including libel or slander, is statutorily defined as an unprivileged publication. SDCL 20-11-3 and 20-11-4. If, however, a publication or communication is privileged, it is not actionable as defamation. *Petersen v. Dacy,* 1996 SD 72, 550 N.W.2d 91, 92. A communication made in any legislative or judicial proceeding is a privileged communication SDCL 20-11-5(2). "A privileged communication under SDCL 20-11-5(2) is 'absolute and remain[s] privileged whether made with or without malice.'" *Flugge v. Wagner,* 532 N.W.2d 419, 421 (S.D.1995).

[¶ 8.] Harris contends that Cline defamed him when she prepared a defamatory affidavit which was used in open court.

Harris claims that absolute immunity does not attach to extra judicial statements. He argues that even if the affidavit is a privileged communication made in a judicial proceeding, discovery is not complete and therefore it is uncertain to whom the allegations were made known and in what venue. Harris alleges that he is "aware the subject matter of the affidavit was made known to employees at the school where his son attends." Despite Harris' allegation that the subject matter of the affidavit has fallen on ears outside this judicial proceeding, no individuals outside the proceeding have been identified that are directly aware of any specific statements in the affidavit. Nor are there facts demonstrating that Cline is the source of any general information individuals outside the proceeding might have.

■ [¶ 9.] An allegation that discovery is not complete and that unknown third parties may know of the affidavit is actionless when there are no supporting facts.

> The possibility that discovery will yield evidence favorable to a party opposing summary judgment is not a ground to deny summary judgment where the party opposing summary judgment has failed to invoke the procedures under [Rule 56(f) ] to submit affidavits stating a need for discovery or to request a continuance in order to present further affidavits or depositions in opposition to summary judgment.

*Larson v. Baer*, 418 N.W.2d 282, 288–289 (N.D.1988). "General allegations which do not set forth specific facts will not prevent issuance of a summary judgment." *Home Fed. Sav. & Loan v. First Nat. Bank*, 405 N.W.2d 655 (S.D.1987). Harris' allegations here are insufficient to prevent the summary judgment.

[¶ 10.] Harris further requests that this Court adopt a good faith test to determine whether the absolute privilege found in SDCL 20–11–5(2) applies. He cites *Ar-*onson v. Kinsella*, 58 Cal.App.4th 254, 68 Cal.Rptr.2d 305, 313 (1997), where the court held a statement must be "made with a good faith belief in a legally viable claim" to be privileged. *Id.* at 313. Thus, he argues, it must be a question of fact for the jury to decide whether Cline had a good faith belief in the affiant's claim.

[¶ 11.] SDCL 20–11–5(2) does not provide any legislative authority for a good faith exception to the privilege at issue. Because of this absolute privilege, the purpose behind the communication, or the state of mind of the one making the communication is neither material nor relevant. *See Hackworth v. Larson*, 83 S.D. 674, 165 N.W.2d 705, 709 (S.D.1969); *Janklow v. Keller*, 90 S.D. 322, 241 N.W.2d 364, 367 (1976).

[¶ 12.] The trial court used the four part test in *Janklow* to determine whether the absolute privilege applied in this case. The conditions set forth in *Janklow* were: the publication (1) was made in a judicial proceeding; (2) had some connection or logical relation to the action; (3) was made to achieve the objects of the litigation; and (4) involved litigants or other participants authorized by law. *Janklow, supra,* (citing *Bradley v. Hartford Accident & Indemnity Co.*, 30 Cal.App.3d 818, 106 Cal.Rptr. 718, 722 (1973)). Applying the *Janklow* factors to the present case, and viewing the evidence most favorable to the nonmoving party, the trial court found that all conditions were met. We agree. An absolute privilege attached to Riggenbach's affidavit and excluded Cline from liability.

## ISSUE TWO

[¶ 13.] **Did the trial court properly grant summary judgment on the negligence, intentional and negligent infliction of emotional distress, and contribution claims?**

[¶ 14.] Harris also asserted claims based on negligence, intentional infliction

of emotional distress and negligent infliction of emotion distress. These claims are all based on the same facts as the defamation claim. This Court has previously ruled, "The defense of absolute privilege or immunity under the law of defamation avoids all liability." *Hughes v. O'Connor,* 313 N.W.2d 463 (S.D.1981). "The salutary purpose of the privilege should not be frustrated by putting a new label on the complaint." *Janklow, supra* at 370 (quoting *Thornton v. Rhoden,* 245 Cal.App.2d 80, 53 Cal.Rptr. 706, 719 (1966)). The trial court properly granted summary judgment on each of these claims.

[¶ 15.] We affirm.

[¶ 16.] MILLER, Chief Justice, and SABERS, AMUNDSON and GILBERTSON, Justices, concur.

[¶ 17.] TUCKER, Circuit Judge, for KONENKAMP, Justice, disqualified.