MEIERHENRY, Justice
(concurring in result).
[¶ 26.] The only issue before us is whether the circuit court erred by dismiss *239 ing the amended complaint for failure to state a claim on which relief may be granted. The Honorable Judge John J. Delaney dismissed the complaint because “bad faith cannot be predicated upon responsive pleadings to a claim.” Judge Delaney wrote a memorandum opinion in this case explaining his reasons for dismissal. First, he concluded that the pleadings were privileged and cannot form the basis of a bad faith claim; and second, he concluded even if the pleadings were not immune, bad faith cannot be predicated on withdrawn allegations and counterclaims. The Judge concluded as follows: “Again, Plaintiff may or may not ultimately have a cause of action and, if she does, these pleadings may be admissible as evidence of bad faith. That lies in the future.” Whether a bad faith claim can survive without the insurance company’s denial of policy benefits was not an issue below. Consequently, Judge Delaney did not address the issue.
[¶27.] Hein claimed that Judge Delaney was wrong in his application of the privilege of pleadings and his ruling that Hein had not exhausted her administrative remedies. Because these were the only issues that Judge Delaney ruled on and the only issues that could have been appealed, we should limit our holding to those issues. In fact, I would only address Judge Delaney’s main conclusion that bad faith cannot be predicated on communications made in responsive pleadings. We have clearly interpreted the privilege of SDCL 20-11-5(2) as “absolute.” Harris v. Riggenbach, 2001 SD 110, ¶ 7, 633 N.W.2d 193, 194. The responsive pleadings of which Hein complains falls squarely within the elements set forth in Janklow v. Keller, 90 S.D. 322, 331, 241 N.W.2d 364, 368 (1976).
[¶ 28.] Hein bases her bad faith claim on Acuity’s failure to conduct a reasonable investigation and failure to acknowledge facts in its possession of a timely notice. However, the only conduct of which she complains is the act of “asserting a lack of notice, and concoct[ing] a false defense based on that assertion.” This conduct, she claimed, constituted bad faith. If this conduct of asserting defenses and counterclaims is privileged, it cannot as a matter of law constitute bad faith. I would affirm on this basis.