**LIBERTY MUTUAL INSURANCE COMPANY, Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.**

Court of Appeals of Kentucky.

Feb. 21, 1975.

Fieldon Woodward, Woodward, Hobson & Fulton, Louisville, for appellant.

Henry V. B. Denzer, Hogan, Taylor, Denzer & Bennett, Louisville, for appellee.

L. T. GRANT, Special Commissioner.

This is an appeal from a judgment dismissing the complaint of appellant, Liberty Mutual Insurance Company, against the appellee, State Farm Mutual Automobile Insurance Company. The question presented to the lower court was the interpretation and applicability of what has

commonly been referred to as the "household exclusion" in an automobile liability insurance policy issued by appellee, State Farm. The specific question presented is whether the household exclusion applies to an additional insured under the omnibus clause of the policy.

The parties submitted the case to the court on an agreed stipulation of facts. Appellant, Liberty Mutual, issued an automobile liability insurance policy to Bardstown Road Presbyterian Church. This policy provided that with respect to the operation of a non-owned automobile, the coverage would be excess coverage over and above any other liability insurance providing coverage on the non-owned automobile.

Appellee, State Farm, issued an automobile liability insurance policy to J. E. Payne on an automobile owned by him. This policy of insurance not only insured the named insured, J. E. Payne, but also contained the usual omnibus clause defining insured, whereby his relatives and also any person or organization legally responsible for the use of the automobile, was an insured.

Under the exclusions contained in the policy issued by appellee, State Farm, to J. E. Payne was the provision that there was no coverage for bodily injury to the insured or any member of the family of the insured residing in the same household as the insured. This is the household exclusion referred to in this opinion.

On June 12, 1967, Rebecca Payne, who is the daughter of appellee, State Farm's, named insured, J. E. Payne, was injured while a passenger in the insured automobile owned by J. E. Payne, and being operated by John D. Payne, the son of the named insured, and Rebecca's brother. At the time of the accident both the operator, John D. Payne, and the injured passenger, Rebecca Payne, were residing in the household of the named insured, J. E. Payne, their father. John D. Payne at the time of the accident was the agent of appellant, Liberty Mutual's insured, Bardstown Road

Presbyterian Church. The Church was an additional insured under the omnibus clause of State Farm's policy.

Rebecca filed an action against her brother, John D. Payne and Bardstown Road Presbyterian Church. Demand was made on the appellee, State Farm, by Payne and the Church for State Farm to defend them and pay any judgment obtained against them by Rebecca. State Farm refused to provide coverage to Payne or the Church on the ground that the household exclusion was applicable to both insureds.

As a result of the action, Rebecca recovered judgment in the amount of $20,000.00 against her brother and the Church, jointly and severally. The judgment further provided for indemnity to the Church by J. D. Payne in the event the Church satisfied the judgment. Subsequent thereto, the appellant, Liberty Mutual satisfied the entire judgment and now seeks to recover the full amount of the judgment from the appellee, State Farm alleging bad faith on the part of the insurance company in not providing coverage for the Church. In the alternative, the appellant seeks the policy limits of the policy of State Farm, which is $10,000.00.

The basic question to be decided is whether the household exclusion applies to an additional insured under the omnibus provisions of the insurance policy, where the injured person does not reside in the household of the additional insured, but is related to and does reside in the home of the named insured and the insured operator of the automobile. The trial court found there was no coverage afforded to the Church under the policy of insurance issued by State Farm. We affirm.

The Court has been confronted with the household exclusion in the past but we have not decided the precise issue that is presently before us. We have upheld the validity of the household exclusion, Cf. Third National Bank of Ashland v. State Farm Mutual Automobile Insurance Co., Ky., 334 S.W.2d 261 (1960), Kentucky

Farm Bureau Mutual Insurance Co. v. Harp, Ky., 423 S.W.2d 233 (1968), and Orange v. State Farm Mutual Automobile Insurance Co., Ky., 443 S.W.2d 650 (1969). We have stated that the clear purpose of the household exclusion was to protect the insurer from over-friendly lawsuits, which nearly always would exist where plaintiff and insured defendant are bound by the ties of kinship and are living together. *Third National Bank of Ashland,* supra.

We are of the opinion that the purpose of this exclusion, as previously stated, would apply in the instant case wherein a member of the insured's family residing with the insured is making claim against another member of the insured's household, and the fact that the additional insured, the Church, may be derivatively liable does not militate against our stated purpose of not affording coverage under the policy.

Even though the injured party may not be a relative and member of the household of an additional insured, whose liability is derivative, there still is the relationship existing between the insured operator of the automobile and the injured party, with the likely result of an over-friendly lawsuit. To permit coverage for the additional insured whose liability is derivative under these circumstances would defeat the purpose of the exclusion as previously expressed by this court.

For cases from other jurisdictions in agreement with this holding, see 7 Am. Jur.2d, Automobile Insurance, Sec. 131, p. 45.

Another reason why we do not believe that coverage should be provided to the additional insured under the circumstances presented here would be that it is not reasonable to afford greater coverage to an additional insured under the omnibus clause, who has paid no premium for the coverage, than to the named insured who did pay the premium for the policy.

The appellant further contends that the severability clause of the policy mandates consideration of each insured separately for purposes of construing the exclusion. The severability clause in the policy in question applies only if two or more insureds are named in the declarations, which is not the case here. The purpose of this clause is to guarantee the same protection to all persons *named* as insureds and not to take exclusions out of the policy. See Fuchs v. Cheeley, 285 Minn. 356, 173 N.W.2d 358 (1969), and Newman v. National Indemnity Co., Fla. App., 245 So.2d 118 (1971).

Appellant cites two cases, Ky. Utilities Co. v. Jackson R. E. Coop Corp., Ky., 438 S.W.2d 788 (1969), and Ashland Oil and Refining Co. v. General Telephone Co., Ky., 462 S.W.2d 190 (1970). These cases are not applicable to the insurance coverage question presented, but rather apply to the question of a third party's right to indemnity from an employer operating under the Workmen's Compensation Act who is actively negligent.

The appellant has also cited numerous cases dealing with the employees exclusion in liability policies and the application of that type of exclusion to additional insureds.

The purposes underlying the household exclusion and the purposes underlying the employee exclusion are not similar, so therefore we do not consider these cases as controlling on the issue presented here.

It is not necessary to reach appellant's argument that the appellee, State Farm, acted in bad faith by refusing to defend the Church and pay any judgment obtained against it by Rebecca Payne.

For the reasons stated above, we are of the opinion that the household exclusion is applicable to appellant's insured, Bardstown Road Presbyterian Church, and that the appellee, State Farm, had no duty to defend the Church or to pay any judgment obtained against it.

The judgment is affirmed.

All concur.