#24423-a-GIENAPP, Circuit Judge
**2007 SD 126**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA
* * * *

NORTHLAND INSURANCE
COMPANY and CHAD LOEBS
d/b/a/ LOEBS TRUCKING,                     Plaintiffs and Appellants,

    v.

ZURICH AMERICAN INSURANCE
COMPANY, UPPER PLAINS
CONTRACTING, INC., and MICHAEL
and TAMMY FETZER,                          Defendants and Appellees.

* * * *
APPEAL FROM THE CIRCUIT COURT
OF THE FIFTH JUDICIAL CIRCUIT
BROWN COUNTY, SOUTH DAKOTA
* * * *

HONORABLE JACK R. VON WALD
Judge

* * * *

DANIEL A. HAWS of
Murnane Brandt
St. Paul, Minnesota

STEVEN J. OBERG and
JOSEPH ASHLEY PARR of
Lynn, Jackson, Shultz & Lebrun, PC          Attorneys for plaintiffs
Rapid City, South Dakota                    and appellants.

PETER G. VAN BERGEN of
Cousineau McGuire Chartered
Minneapolis, Minnesota

DOUGLAS M. DEIBERT of
Cadwell, Sanford, Deibert & Garry, LLP       Attorneys for defendants
Sioux Falls, South Dakota                    and appellees.

* * * *

CONSIDERED ON BRIEFS
ON AUGUST 27, 2007

OPINION FILED  12/12/07

#24423

GIENAPP, Circuit Judge

[¶1.]     Northland Insurance Company (Northland) initiated a declaratory judgment action against Zurich American Insurance Company (Zurich). The parties filed cross motions for summary judgment. There is no issue as to the existence of any factual disputes. The circuit court ruled in favor of Zurich. Northland appeals and we affirm.

FACTS AND PROCEDURAL HISTORY

[¶2.]     On May 1, 2001, Upper Plains Contracting, Inc. (UPCI) and Chad Loebs, d/b/a Loebs Trucking (Loebs) entered into a trucking agreement whereby Loebs agreed to pull UPCI-owned trailers for the construction season. Pursuant to the trucking agreement, Loebs was required to provide proof of insurance.[1]

[¶3.]     On October 2, 2001, Loebs was operating his personally-owned 1987 Peterbuilt tractor and was pulling a trailer at UPCI's construction site in North Dakota. The trailer was owned by UPCI. A UPCI employee, Michael Fetzer (Fetzer), was leveling cement at the North Dakota construction site. Fetzer claims he sustained injuries when the front of Loebs' passing tractor struck the handle of the cement leveling tool he was using. The force of the contact caused Fetzer to be thrust upon the trailer and run over by the tag axle wheel. The accident left Fetzer pinned in the wheel well of the trailer. At the time of the accident, Loebs was

---

1.    The first numbered paragraph in the trucking agreement provides, "[t]he Trucking Co. must have and provide proof of insurance." Loebs signed and dated the trucking agreement on the signature line entitled "Trucking Co. Signature and Date."

insured by a Northland commercial insurance policy (Northland policy) [2] and the

UPCI trailer pulled by Loebs' tractor was insured by a Zurich commercial insurance

policy (Zurich policy). [3]

[¶4.]		Fetzer and his wife commenced a civil action in Cass County, North

Dakota, against Loebs. [4]  Fetzer claimed he sustained damages as a result of Loebs'

alleged negligence in the operation of the tractor.  Loebs tendered the defense to

Northland pursuant to his Northland policy and Northland proceeded to defend

Loebs in the underlying action.

[¶5.]		Thereafter, Northland tendered the defense to Zurich alleging the

Zurich policy provided primary coverage to defend and indemnify Loebs in the

underlying action.  Zurich denied the tender.  As a result, Loebs and Northland

commenced a declaratory judgment action in South Dakota to decide which policy

should provide primary coverage and defend and indemnify Loebs in the underlying

action.  Both parties filed motions for summary judgment.

[¶6.]		The circuit court granted summary judgment in favor of Zurich holding

that any coverage for Loebs as an insured under Zurich's policy was precluded by

the "Employee Indemnification and Employer's Liability" exclusion (employer's

liability exclusion) in its policy.  As a result, the circuit court determined

---

2.	Loebs' Northland policy insured the 1987 Peterbuilt tractor as a covered "auto" under the policy.

3.	UPCI's Zurich policy insured the trailer as a covered "auto" under the policy.

4.	The Michael Fetzer and Tammy Fetzer v. Chad Loebs d/b/a Loebs Trucking case was filed in District Court, Cass County, North Dakota, East Central Judicial District, and will be referred to as the underlying action.

Northland's policy was the policy granting primary coverage over Loebs in the underlying action.

## STANDARD OF REVIEW

[¶7.]    This matter is before the Court on appeal from a grant of summary judgment.  Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  SDCL 15-6-56(c).  Material facts in this case are undisputed.  Therefore, this Court's "review is limited to whether the law was correctly applied."  Krier v. Dell Rapids Twp., 2006 SD 10, ¶ 12, 709 NW2d 841, 845.  Our review of whether the law was correctly applied is de novo, with no discretion given to the circuit court.  Pauley v. Simonson, 2006 SD 73, ¶ 7, 720 NW2d 665, 667.

## ANALYSIS AND DECISION

[¶8.]    A number of issues were raised before the circuit court.  The circuit court, however, limited its decision to a finding that (1) Loebs was insured under the Zurich policy as an omnibus insured; and (2) the employer's liability exclusion set forth in the Zurich policy excluded coverage by Zurich over Loebs in the underlying action.  We examine both issues on appeal and affirm the circuit court.

## ISSUE ONE

[¶9.]    **Whether Loebs was insured under the Zurich policy as an omnibus insured.**

[¶10.]    South Dakota's financial responsibility law requires that automobile insurance policies provide vehicle owners with certain liability coverage for acts

arising out of the ownership of insured vehicles. Schulte v. Progressive Northern Ins. Co., 2005 SD 75, ¶ 9, 699 NW2d 437, 440.[5] The general rule is that the omnibus clause creates liability coverage in favor of the omnibus insured "to the same degree as the [named] insured." Estate of Trobaugh v. Farmers Ins. Exchange, 2001 SD 37, ¶ 21, 623 NW2d 497, 502.

[¶11.] In accordance, the Zurich policy defines "insured" as including "[a]nyone else while using with [policy holder] permission a covered 'auto you own.'" Here, UPCI gave Loebs permission to use UPCI's trailer pursuant to the trucking agreement and Loebs was using the trailer when the underlying accident occurred. Therefore, Loebs is insured under Zurich's policy as an omnibus insured and is granted the same degree of liability coverage as UPCI.

## ISSUE TWO

[¶12.] **Whether the employer's liability exclusion set forth in the Zurich policy excludes coverage by Zurich over Loebs in the underlying action.**

*A.  The Employer's Liability Exclusion.*

[¶13.] The language in an insurance contract is to be construed liberally in favor of the insured. However, this rule of construction applies only when the

---

5.  Also relevant is SDCL 32-35-70, referred to as the omnibus clause, which provides in part:

> An owner's policy of liability insurance referred to in § 32-35-68 shall insure the person named therein and any other person as insured, using any insured vehicle or vehicles with the express or implied permission of the named insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance, or use of the vehicle or vehicles within the United States of America or the Dominion of Canada.

language of the insurance contract is ambiguous. Further, the contract's language must be construed according to its plain meaning. City of Fort Pierre v. United Fire & Cas. Co., 463 NW2d 845, 848 (SD 1990). In determining coverage under the contract, we must look to the contractual intent and objectives of the parties as expressed in the contract. Id.; Black Hills Kennel Club, Inc. v. Firemens' Fund Indem. Co., 77 SD 503, 506-07; 94 NW2d 90, 92 (1959).

[¶14.]     As support for its decision that the employer's liability exclusion in the Zurich policy excluded coverage for Loebs, the circuit court relied on this Court's analysis in St. Paul Fire & Marine Ins. Co. v. Schilling, 520 NW2d 884 (SD 1994). Northland argues that the Schilling decision is not applicable and attempts to distinguish the policy language in the Schilling case from the policy language in the Zurich policy. We find this argument unpersuasive.

[¶15.]     While interpreting an employer's liability exclusion, this Court in Schilling stated:

> The on-the-job exclusion states specifically that coverage will be excluded for claims of an employee of "*any* protected persons." It does not limit the exclusion only to employees of "the named insured" nor does it limit coverage only to claims of an employee of "the protected" person.

520 NW2d at 887 (emphasis in original).[6] In Schilling, a YMCA employee gave permission to a gymnast-driver to drive a YMCA-owned van home from a gymnastics clinic in North Dakota. Id. at 885. The employee sustained injuries

---

6.     In Schilling, the employer's liability exclusion in the policy was entitled the "on-the-job" exclusion and stated that "[w]e [insurer] won't cover any claim for bodily injury to an employee of *any* protected persons arising out of his or her job." 520 NW2d at 886-87 (emphasis in original).

when the driver fell asleep at the wheel and caused an accident. *Id.* Subsequently, the employee initiated a personal injury action against the driver. *Id*. at 886. The driver sought coverage for the action as an omnibus insured under YMCA's liability policy. *Id.* This Court, finding the employer's liability exclusion in the policy unambiguous, upheld the exclusion as applied to the omnibus insured where the injured claimant was an employee of the named insured (YMCA), but *not* an employee of the omnibus insured (driver). *Id.* at 888.[7]

[¶16.]    The applicable employer's liability exclusion in the Zurich policy is as follows:

> B.  Exclusions
>     This insurance does not apply to any of the following:
>                           *   *   *
>     4.    Employee Indemnification and
>           Employer's Liability "Bodily injury" to:
>       a.    An "employee" of the "insured"
>             arising out of and in the course
>             of:
>             (1) Employment by the
>             "insured"; or
>             (2) Performing the duties
>             related to the conduct of the
>             "insured's" business . . .

Northland asserts that the employer's liability exclusion in the Zurich policy only precludes coverage for an insured that was the *employer* of the injured claimant-employee at the time of the accident. Northland's reasoning is that because Fetzer was not an employee of Loebs, but rather an employee of UPCI, the exclusion is not

---

7.    This Court went on to state, "[t]he clear terms of the policy exclude liability coverage for an injured employee of 'any protected persons.'  As [the injured claimant] was an employee of the named insured, and Schilling was an omnibus insured, the exclusion for an employee . . . operates to preclude policy coverage for Schilling as a matter of law." *Id.*

applicable and coverage exists.[8]  However, an examination of the Zurich policy

defining "insured" defeats that contention.  The Zurich policy defines "insured" as

follows:

> "Insured" means *any* person or organization qualifying as
> an insured in the Who Is An Insured provision of the
> applicable coverage.  Except with respect to the limit of
> insurance, the coverage afforded applies separately to
> each insured who is seeking coverage or against whom a
> claim or "suit" is brought.

(Emphasis added).  The language in the Zurich policy defines "Who Is An Insured"

as not only the named insured on the policy, but also any other individual using a

covered vehicle with permission from the named insured.

[¶17.]        We find that the Zurich policy language is not ambiguous.  As such,

upon examining the policy language, it cannot be said that the employer's liability

exclusion applies to preclude coverage for the underlying action only for an

employer of the employee who is asserting the claim.  Rather, the exclusion applies

to an "insured" as defined under the policy; specifically, the named insured

(employer) and a permissive additional insured (omnibus insured).

### B.      The Severability Provision.

[¶18.]        Northland also asserts that the existence of a severability provision in

the Zurich policy renders the employer's liability exclusion inapplicable to Loebs

---

8.      Specifically, Northland argues that because the employer's liability exclusion
states "an 'employee' of *the* 'insured,'" rather than "*any* insured," the
exclusion applies only to an insured who is the employer of the claimant
employee.

and, therefore, coverage exists for him as an omnibus insured.[9]  This issue was also addressed in *Schilling*, where this Court relied on the Eighth Circuit Court of Appeals rationale in Universal Underwriters Insurance Company v. McMahon Chevrolet-Oldsmobile, Inc., 866 F2d 1060 (8thCir 1989).  *Id.* at 888.  The Court of Appeals in *Universal Underwriters* adopted the rationale from the South Dakota case of Birrenkott v. McManamay, 65 SD 581, 276 NW 725 (1937), and held that under South Dakota law an omnibus insured is not entitled to any greater liability coverage than that afforded to the named insured who purchased the policy, notwithstanding the presence of a severability of interest clause in the policy.[10]

[¶19.]    The underpinnings of the *Schilling* decision were first introduced by this Court in *Birrenkott*.  The *Birrenkott* case relied on a Wisconsin decision, Bernard v. Wisconsin Automobile Insurance Co., 210 Wis 133, 245 NW 200 (1932), and held that one who invokes a clause in an automobile liability policy protecting any person operating the insured vehicle with consent of the insured is in the same

---

9.     The severability provision in the Zurich policy is found under the definition of "insured" and states: "[e]xcept with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or 'suit' is brought."

10.    As previously recognized in *Schilling,* a number of courts agree with South Dakota's interpretation: Farmers Elevator Mut. Ins. Co. v. Carl J. Austad & Sons, Inc., 366 F2d 555 (8thCir 1966) (applying North Dakota law); Kelly v. State Auto. Ins. Assoc., 288 F2d 734 (6thCir 1961) (applying Kentucky law); United States Fid. & Guar. Co. v. Western Cas. & Sur. Co., 195 Kan 603, 408 P2d 596 (1965); Industrial Indem. Co. v. Fidelity-Phenix Ins. Co, 83 Nev 260, 428 P2d 200 (1967); Maryland Cas. Co. v. American Fidelity & Cas. Co., 217 FSupp 688 (DCTenn 1963), *aff'd* 330 F2d 526 (6thCir 1964); Pennsylvania Mfrs. Ass'n v. Aetna Cas. & Sur. Ins. Co., 426 Pa 453, 233 A2d 548 (1967). *See Schilling*, 520 NW2d at 888.

position as the named insured and is subject to general limitations of the policy in the same manner as the named insured. *Birrenkott*, 276 NW at 726. Northland contends that the *Bernard* decision cited in *Birrenkott* no longer applies as a result of subsequent Wisconsin decisions culminating with the decision in Gulmire v. St. Paul Fire and Marine Insurance Co., 269 Wis2d 501, 674 NW2d 629 (WisApp 2003), and, therefore, this Court should rule in line with the courts in Wisconsin and abandon *Birrenkott*. We disagree.

[¶20.]     In *Gulmire*, the Wisconsin court recognized that a severability provision applies as if the additional or omnibus insured is the *only* insured, regardless of whether it entitles him to greater coverage under the policy than is given to the named insured. 674 NW2d at 636-37.[11] We do not adopt the *Gulmire* decision but instead reaffirm our reasoning in *Birrenkott* and *Schilling*. *See Schilling*, 520 NW2d at 889 (holding if severability provision invalidated a policy's exclusions such provision would operate to provide more coverage to an additional insured than to the named insured, and such an outcome will not be endorsed because it directly contravenes earlier case reasoning); *see also Kelly*, 288 F2d at

---

11.    In contrast to South Dakota's interpretation, there are a number of cases that follow the *Gulmire* rationale and have found coverage for additional insureds for accidents resulting in injuries to the named insured's employees: Centennial Ins. Co. v. Ryder Truck Rental, Inc., 149 F3d 378, 385 (5thCir 1998) (applying Mississippi law); Hartford Accident & Indem. Co. v. Continental Cas. Co., 273 FSupp 851 (WDMich 1966), *aff'd* 384 F2d 37 (6th Cir 1967) (applying Iowa law); General Aviation Supply Co. v. Ins. Co. of North America, 181 FSupp 380, 384 (EDMo 1960), *aff'd* 283 F2d 590 (8thCir 1960); Penske Truck Leasing Co. Ltd., v. Republic Western Ins. Co., 407 FSupp2d 741 (EDNC 2006); Cal-Farm Ins. Co. v. Fireman's Fund Ins. Co., 54 CalApp3d 708 (5thDist 1976); Travelers Ins. Co. v. American Cas. Co., 151 Mont 198, 441 P2d 177 (1968).

738 (stating "[t]he [named insured] was paying for the protection of its liability insurance against claims asserted by the public, and not by its own employees."); American Family Ins. Group v. Howe, 584 FSupp 369, 371 (DSD 1984) (stating that the "operation of [the] omnibus clause creates liability insurance in favor of persons other than the named insured to the same degree as the named insured.").

[¶21.]    Northland also raises the following issues in this appeal:

> Whether Zurich may rely on an exclusion in its policy as grounds for avoiding its contractual obligations to its insured when it failed to notify Loebs of this policy defense.
>
> Whether Zurich has a primary duty to defend and indemnify Loebs in the underlying action commenced by Fetzer.
>
> Whether Northland may recover attorney's fees from Zurich for the period in which Zurich failed to defend Loebs in the underlying Fetzer litigation.

[¶22.]    We do not address these issues because our holdings on issues one and two are dispositive. In addition, there was no ruling by the circuit court on these issues and they are not properly before this Court. City of Watertown v. Dakota, Minnesota & Eastern Railroad Co., 1996 SD 82, ¶ 26, 551 NW2d 571, 577 (stating "[w]e have long held that issues not addressed or ruled upon by the trial court will not be addressed by this Court for the first time on appeal."); Keegan v. First Bank, 519 NW2d 607, 615 (SD 1994); Schilling, 520 NW2d at 887, n2.

[¶23.]    Affirmed.

[¶24.]    GILBERTSON, Chief Justice, KONENKAMP, ZINTER and MEIERHENRY, Justices, concur.

[¶25.]    GIENAPP, Circuit Judge, for SABERS, Justice, disqualified.