TOWER INSURANCE COMPANY
OF NEW YORK, Appellant

v.

Brent HORN; Mickayla Sesco, as Administratrix of the Estate of Bradley E. Stafford, Deceased; and Bridgefield Casualty Insurance Company, Inc., Appellees

2014–SC–000015–DG

Supreme Court of Kentucky.

RENDERED: OCTOBER 29, 2015

APPELLANT: Joseph Stan Lee, Donald Markam Wakefield, Bowles Rice, LLP

COUNSEL FOR APPELLEES: Gregory Lee Monge, VanAntwerp, Monge, Jones, Edwards & McCann, LLP, John C. Bowlin, Osborne & Bowlin, P.S.C., Anthony Charles Donahue, Forrest Waylon Brock, Donahue Law Group, P.S.C.

OPINION OF THE COURT BY JUSTICE KELLER

Tower Insurance Company of New York (Tower) appeals the Court of Appeals's

reversal of summary judgment and finding of coverage. The issue is whether an injured employee policy exclusion bars coverage of a permissive user. After reviewing the policy, law, and arguments, we hold that it does not and affirm the Court of Appeals.

## I. BACKGROUND.

The facts are undisputed. On September 26, 2011, B & B Contracting, LLC (B & B) was engaged in its normal course of business: highway mowing and landscaping. Because the work crew was short-staffed that day, Brent Horn, a retired coal miner and friend of B & B's management, volunteered to drive one of the company's trucks. Horn was not an employee of B & B and did not receive compensation for his work. Tragically, while Horn was driving a B & B truck, Bradley Stafford, an employee of B & B, fell from Horn's truck and was fatally injured.

The administratrix of Stafford's estate filed a wrongful death action against Horn. Horn asserted that the Tower liability policy insuring B & B's trucks covered the claim against him. Tower filed an intervening complaint, seeking a declaration of rights regarding its obligation to defend and indemnify Horn.

After discovery and cross-motions for summary judgment, the Martin Circuit Court granted Tower's motion and denied coverage to Horn. The court found that although Horn was not a B & B employee, he was a permissive user of B & B's truck and, thus, was an insured under Tower's policy. However, the court concluded that the "Employee Indemnification And Employer's Liability" provision (the employee exclusion), which excluded any coverage for bodily injury to an employee of the insured, precluded coverage for Stafford's death because he was an employee of B & B. The court was not persuaded that the

policy's severability clause negated this exclusion.

Horn appealed to the Court of Appeals, and a divided Court reversed. The Court agreed that Horn was an insured and that the policy's exclusion undoubtedly created an exception to the duty of Tower to cover B & B's liability to Stafford's estate. Nonetheless, the Court found that the severability clause applied coverage separately to each insured, thereby rendering the employee exclusion ineffective as to Horn, who was not Stafford's employer. The Court concluded that Horn enjoyed a "unique status" under the policy and was not barred from coverage for purposes of defense and indemnification.

Tower appealed to this Court, and we granted discretionary review. For the reasons stated herein, we affirm. We set forth additional facts as necessary below.

## II. STANDARD OF REVIEW.

■ On appeal of summary judgment, our standard of review is whether the trial court correctly found that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Inter–Tel Technologies, Inc. v. Linn Station Properties, LLC*, 360 S.W.3d 152, 165 (Ky.2012); CR 56.03. Because the facts are undisputed and because we are only faced with questions of law, we review the opinion of the Court of Appeals *de novo*. *Samons v. Kentucky Farm Bureau Mut. Ins. Co.*, 399 S.W.3d 425, 427 (Ky.2013).

## III. ANALYSIS.

■ When the terms of an insurance contract are unambiguous and reasonable, they will be enforced. *Kentucky Ass'n of Counties All Lines Fund Trust v. McClendon*, 157 S.W.3d 626, 630 (Ky.2005). Policy exceptions and exclusions are strictly

construed to make insurance effective. *Kentucky Farm Bureau Mut. Ins. Co. v. McKinney,* 831 S.W.2d 164, 166 (Ky.1992). Any ambiguities in an insurance contract must be resolved in favor of the insured, but this rule of strict construction certainly does not mean that every doubt must be resolved against the insurer and does not interfere with the rule that the policy must receive a reasonable interpretation consistent with the plain meaning in the contract. *McClendon,* 157 S.W.3d at 630.

Before we address the arguments of the parties, we first lay out the policy provisions and points of agreement.

It is undisputed that Horn was an insured under Tower's policy. Under the "Who Is An Insured" provision, an insured is defined to include the named insured (B & B), as well as "anyone else while using with your permission a covered 'auto' you own, hire or borrow...." The truck that Horn was driving was listed as a covered auto under B & B's policy, and Horn was operating the truck with B & B's permission at the time of Stafford's injury. Thus, Horn was an insured.

The policy also elaborates on the definition of an insured, saying:

"Insured" means any person or organization qualifying as an insured in the Who Is An Insured provision of the applicable coverage. Except with respect to the Limit of insurance, the coverage afforded applies *separately to each insured* who is seeking coverage or against whom a claim or "suit" is brought.

(emphasis added). This provision is commonly referred to as a severability clause.

As an insured, Horn was entitled to liability coverage. The policy provides that Tower "will pay all sums an 'insured' legally must pay as damages because of 'bodily injury' [including death] or 'property

damage' to which this insurance applies, caused by an 'accident' and resulting from the ownership, maintenance or use of the covered 'auto.'" Furthermore, Tower "has the right and duty to defend an 'insured' against a 'suit' asking for such damages." Therefore, Tower owed Horn a duty of indemnification and defense under the affirmative provisions of the policy.

However, the policy also contains exclusions from coverage. The employee exclusion exempts an insured from coverage for bodily injuries to "[a]n 'employee' of the 'insured' arising out of and in the course of (1) [e]mployment by the 'insured;' or (2) [p]erforming the duties related to the conduct of the 'insured's' business...." As stated above, it is undisputed that Stafford was an employee of B & B, that Horn was not an employee of B & B, and that Horn was not Stafford's employer. Therefore, the issue is whether the employee exclusion applies to bar coverage of Horn, a permissive user.

Tower argues that the policy excludes coverage for any claim relating to Stafford's death, citing this Court's decision of *Brown v. Indiana Ins. Co.,* 184 S.W.3d 528 (Ky.2005) and the Supreme Court of South Dakota's decision of *Northland Ins. Co. v. Zurich Am. Ins. Co.,* 743 N.W.2d 145 (S.D. 2007). Furthermore, Tower relies on *Liberty Mut. Ins. Co. v. State Farm Mut. Auto. Ins. Co.,* 522 S.W.2d 184 (Ky.1975), for its assertion that it would be unreasonable to afford greater coverage to an unnamed insured than to the named insured, who has paid premiums when the unnamed insured has not. Finally, Tower argues that Kentucky law holds that the purpose of severability clauses is not to negate policy exclusions as stated in *National Ins. Underwriters v. Lexington Flying Club, Inc.,* 603 S.W.2d 490 (Ky.Ct.App.1979).

Horn relies on the Court of Appeals's analysis and maintains that the exclusion

must be examined independently in order to give meaning to the severability clause. Additionally, Horn distinguishes the Kentucky decisions offered by Tower and provides counterexamples from our sister-states.

■ As an initial matter, we agree with both parties that Horn was an insured under the plain language of the policy. Horn operated B & B's truck, which was covered under the policy, with B & B's permission. Having determined that Horn is an insured, we apply the severability clause which states that "the coverage afforded applies separately to *each* insured who is seeking coverage or against whom a claim or 'suit' is brought." (emphasis added). Because the language of the policy treats insureds individually, so too, must the ensuing analysis.

Accordingly, by substituting Horn's name in place of the term "the insured" it is clear that the employee exclusion does not apply to Horn. The policy "does not apply to ... [b]odily injury to ... [a]n employee of [Horn] arising out of and in the course of [e]mployment by [Horn]; or performing the duties related to the conduct of [Horn]'s business...." Stafford was not an employee of Horn; Stafford's injury did not arise out of and in the course of his employment by Horn; and Stafford's injury and death did not arise out of his performance of duties related to the conduct of Horn's business. Therefore, the employee exclusion does not apply to Horn.

Tower argues that decisions in four previous cases should dissuade us from reaching this conclusion. We address them in turn.

First, Tower claims that this Court is bound by our previous holding in *Brown v. Indiana Ins. Co*, 184 S.W.3d 528 (Ky. 2005). There, two employees were killed in a truck accident during the course and scope of their employment, and their estates brought wrongful death actions against their fellow employee, who was driving the truck. *Id.* at 531. The fellow employee sought coverage from the employer's auto liability policy. *Id.* Based on similar policy language to the case at hand, this Court held that there was no coverage. *Id.* Specifically, this Court applied the "Fellow Employee" exclusion in the policy, holding that it excluded coverage which would have otherwise been provided for the fellow employee-driver by the "permissive user clause." *Id.* at 536.

*Brown* is distinguishable from the case at hand for two reasons. First, the driver in *Brown* was a fellow employee of the deceased employees. Tower argues that this fact is not material. We disagree because the issue in the case at hand is the applicability of the employee exclusion. Horn and Stafford were not fellow employees; therefore, Tower's employee exclusion is not applicable. Second, the majority in *Brown* did not consider the language or effect of any severability clause. Thus, *Brown* is wholly distinguishable and not controlling.

Next, Tower argues that this Court's predecessor considered and rejected Horn's argument regarding severability clauses. For support, Tower quotes our holding and reasoning in *Liberty Mut. Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 522 S.W.2d 184 (Ky.1975). There, Rebecca Payne, the daughter of State Farm's named insured, J.E. Payne, was injured while a passenger in her father's vehicle. *Id.* at 185. At the time of the accident, the vehicle was being driven by Rebecca's brother, John D. Payne, who was an agent of Bardstown Road Presbyterian Church. The Church was an additional insured under the omnibus clause of State Farm's policy. *Id.* Rebecca brought an action

against her brother, John D., and the Church. *Id.* State Farm refused to provide coverage on the grounds that the household exclusion, which denied coverage for bodily injury to the insured or any member of the family of the insured residing in the same household as the insured, was applicable to John D. and the Church. *Id.* The trial court agreed. *Id.*

The only question on appeal in *Liberty Mutual* was whether the household exclusion applied to an additional insured, the Church, under the omnibus clause of the policy. *Id.* The Court maintained that the purpose of the household exclusion was to protect the insurer from "over-friendly lawsuits" and held:

> [e]ven though the injured party [Rebecca] may not be a relative and member of the household of an additional insured [the Church], whose liability is derivative, there still is the relationship existing between the insured operator of the automobile [John D.] and the injured party [Rebecca], with the likely result of an over-friendly lawsuit. To permit coverage for the additional insured whose liability is derivative under these circumstances would defeat the purpose of the exclusion as previously expressed by this court.

*Id.* at 186.

Tower argues that this holding is binding herein; we do not agree. The Court in *Liberty Mutual* focused solely on the household exclusion and based its decision, at least in part, on the specific purpose behind that exclusion. The case at hand turns on an employee exclusion supported by an entirely different purpose—to restrict coverage for claims arising under workers' compensation laws, which provide coverage and immunity from civil suit to employers. *See* 7 Am.Jur.2d Automobile Insurance § 252 (2015). What is more, the *Liberty Mutual* Court rejected the argument that cases dealing with the employee exclusions and additional insureds controlled due to their differing purposes. 522 S.W.2d at 186.

The *Liberty Mutual* Court also addressed the argument that State Farm's severability clause mandates consideration of each insured separately for purposes of construing the exclusion. The Court reasoned that the purpose of this clause was to "guarantee the same protection to all persons named as insureds and not to take exclusions out of the policy." *Id.*

Likewise, we are not bound by this holding. The precise language of State Farm's severability clause in *Liberty Mutual* is unclear; however, the Court specifically said, "[t]he severability clause in the policy in question applies only if two or more insureds are named in the declarations, which is not the case here." *Id.* at 186. In other words, the Court did not consider the effect of the severability clause because the clause did not apply based on the number of named insureds. Nothing in Tower's policy limits the applicability of its severability clause. Instead, the coverage afforded applies separately to each insured who is (1) seeking coverage and (2) qualifies as an insured in the "Who Is An Insured" provision. Horn satisfies both of those requirements.

Finally, the *Liberty Mutual* Court concluded, "under the circumstances presented ... it is not reasonable to afford greater coverage to an additional insured under the omnibus clause, who has paid no premium for the coverage, than to the named insured who did pay the premium for the policy." *Id.* This holding, too, is distinguishable. Horn was a contemplated permissive user under the policy and entitled to coverage unless specifically excluded. Nothing in the policy exempts a non-employee, permissive user from coverage. If either B & B or Tower had desired to

exempt non-employee permissive users from coverage, either party was free to contract for that exclusion. For these reasons above, we are not bound nor persuaded by *Liberty Mutual.*

Third, Tower points to the Court of Appeals, decision, *National Ins. Underwriters v. Lexington Flying Club, Inc.,* 603 S.W.2d 490 (Ky.App.1979). In that case, William Hardin, his wife, and his son were all killed in an airplane crash. *Id.* at 491. At the time of the crash, Hardin was piloting the plane, which was owned by the Lexington Flying Club and insured by National Insurance Underwriters and National Aviation Underwriters. *Id.* The Hardins' estates brought wrongful death actions against multiple defendants, including the Club. *Id.* When the insurer denied coverage, the Club brought a declaratory judgment action. *Id.*

The Court of Appeals held that the Club was not entitled to coverage. *Id.* at 494. At issue was the policy language stating, "this policy does not apply to . . . death of any person who is a named insured or who is a member of the named insured's household." *Id.* at 492. The Court concluded that both Hardin and his wife were named insureds under the policy definitions and ultimately held that, Hardin's son was a member of the named insureds' household. *Id.* 492–94. In so doing, the Court said:

> Next, Flying Club argues that the policies underlying the severability clause would negate the plain language of the exclusion. The severability clause in Flying Club's policy provides that
>
>> "(T)he insurance afforded under Policy Part 1 applies separately to each insured against whom claim is made or suit is brought, but the inclusion herein of more than one insured shall not operate to increase the limits of the Company's liability."

This argument must fail in light of *Liberty Mutual Insurance Co. v. State Farm Mutual Automobile Insurance Co.,* 522 S.W.2d 184 (Ky.1975). There it was held that: "The purpose of this clause is to guarantee the same protection to all persons named as insureds and not to take exclusions out of the policy." The purpose of severability clauses is to spread protection, to the limits of coverage, among all of the named insureds. The purpose is not to negate bargained-for exclusions which are plainly worded.

*Id.* at 492.

Although at first glance this reasoning may seem to apply to the case at hand, on the contrary, it is not relevant. In *Lexington Flying Club,* the Club was seeking coverage through the severability clause for the deaths of a class of parties, i.e. the named insureds and members of the named insureds' household, who were specifically named in an exclusion. The Court of Appeals was correct when it did not allow this. This case is wholly different; Horn was never a member of any class that was exempted from coverage by the employee exclusion. At no point was Horn a B & B employee nor Stafford's employer; he was a permissive user and an insured in his own right. The employee exemption applies to B & B, but because permissive users were not included in the exemption, it does not apply to Horn.

Finally, Tower points to a case from South Dakota, which, on similar facts, arrived at a contrary holding. In *Northland Ins. Co. v. Zurich Am. Ins. Co.,* a truck driver contracted to drive for a construction company. 743 N.W.2d at 147. While hauling one of the company's trailers on a worksite, the driver allegedly injured a company employee. *Id.* The driver's personal liability insurer, Northland, began defending the driver but then sought to

hold the company's insurer, Zurich, primarily responsible for defending. *Id.* Zurich denied coverage, and Northland commenced a declaratory judgment action to determine which policy should provide primary coverage. *Id.* On identical policy language to the case at hand, the Supreme Court of South Dakota held:

> We find that the Zurich policy language is not ambiguous. As such, upon examining the policy language, it cannot be said that the employer's liability exclusion applies to preclude coverage for the underlying action only for an employer of the employee who is asserting the claim. Rather, the exclusion applies to an "insured" as defined under the policy; specifically, the named insured (employer) and a permissive additional insured (omnibus insured).

*Id.* at 150. The Court considered the effect of a severability clause identical to Tower's and reaffirmed its previous holding that "an omnibus insured is not entitled to any greater liability coverage than that afforded to the named insured who purchased the policy, notwithstanding the presence of a severability of interest clause in the policy." *Id.* (citing *St. Paul Fire & Marine Ins. Co. v. Schilling*, 520 N.W.2d 884, 888–89 (S.D.1994).

While we agree that this case is relevant to the issue at hand, we are not persuaded by it for two reasons. First, the *Northland* Court recognized that it was basing its decision on shifting precedent. 743 N.W.2d at 150–51. *Northland* based its holding on a prior South Dakota decision, which relied on a 1932 Wisconsin decision. *Id.* at 150. However, that Wisconsin case was subsequently undercut by much more current Wisconsin decisions. *Id.* In other words, the foundational reasoning underlying *Northland* was later abandoned, but the Court continued to adhere to that reasoning without much explanation.

Second, the *Northland* holding represents the minority position. A majority of courts asked to determine the effect of a policy's severability clause on employee exclusions construed the clause to limit the exclusions to instances where the insured claiming coverage is being sued by its employee. *Centennial Ins. Co. v. Ryder Truck Rental, Inc.*, 149 F.3d 378, 386 (5th Cir. 1998); *see also* Charles W. Benton, Annotation, *Validity, construction, and application of provision in automobile liability policy excluding from coverage injury to, or death of, employee of insured*, 43 A.L.R.5th 149 (1996) ("Most courts, however, have held that the employee exclusion clause does not operate to preclude coverage with respect to liability to employees of another insured under the policy."). While we are by no means required to fall in line with the majority of our sister-states, we nonetheless note that *Northland* represents but one voice in the minority crowd, a crowd we choose not to join.

Because we are affirming the Court of Appeals's reversal of the trial court's summary judgment, we do not address Horn's final argument that the employee exclusion derogates the Kentucky Motor Vehicle Reparations Act.

## IV.  CONCLUSION.

For the reasons stated above, we affirm the decision of the Court of Appeals and remand this matter to the trial court for additional proceedings.

All sitting. Minton, C.J., Abramson, Barber, Cunningham, Keller and Venters, JJ., concur. Noble, J., concurs in result only.