Stegall, J., dissenting:
" 'The controlling principle in this case is the basic and unexceptional rule that courts must give effect to the clear meaning of statutes as written.' " Star Athletica, L.L.C. v. Varsity Brands, Inc. , 580 U.S. ----, 137 S.Ct. 1002, 1010, 197 L.Ed. 2d 354 (2017) (quoting Estate of Cowart v. Nicklos Drilling Co. , 505 U.S. 469, 476, 112 S.Ct. 2589, 120 L.Ed. 2d 379 [1992] ). When interpreting a statute, courts first look to the ordinary meaning of the words used at the time the Legislature passed the law. See Wisconsin Central Ltd. v. United States , 585 U.S. ----, ----, 138 S.Ct. 2067, 2070, 50 L.Ed. 2d 499 (2018). A court should always strive to effectuate the plain and unambiguous language of a statute. Only when the statute is ambiguous or unclear should the court "consult legislative history, or consider other background information to ascertain the statute's meaning." State v. Arnett , 307 Kan. 648, Syl. ¶ 4, 413 P.3d 787 (2018).
K.S.A. 2017 Supp. 8-1567(i)(1) provides:
"(i) For the purpose of determining whether a conviction is a first, second, third, fourth or subsequent conviction in sentencing under this section:
(1) Convictions for a violation of this section, or a violation of an ordinance of any city or resolution of any county which prohibits the acts that this section prohibits , or entering into a diversion agreement in lieu of further criminal proceedings on a complaint alleging any such violations, shall be taken into account, but only convictions or diversions occurring on or after July 1, 2001." (Emphasis added.)
The majority believes the word "the" is ambiguous and concludes as a result that the plain language of the statute reasonably supports different meanings.
"[W]hat [does] it mean[ ] for an ordinance to prohibit 'the' acts that the state DUI statute prohibits[?] Is an ordinance required to prohibit only the acts also prohibited by state law or only a subset of those acts? Or must an ordinance merely prohibit the acts prohibited by state law without limitation of the additional acts it may also prohibit?
"Each alternative is plausible." Op. at 493.
First, plausibility is not the correct standard for judging when a statute is ambiguous. See, e.g., In re Tax Appeal of BHCMC , 307 Kan. 154, 166, 408 P.3d 103 (2017) (finding ambiguity because "reasonable minds could differ on this interpretation of the statute"). Second, and more importantly, I suggest that if we can discern an ambiguity in the definite article "the," we can discern an ambiguity in virtually any language the Legislature *497 may choose, effectively rendering our plain language jurisprudence optional at best and a dead letter at worst.
To understand the plain meaning of K.S.A. 2017 Supp. 8-1567(i)(1), we need look no further than the four words that follow "the acts" to discern the acts to which the statute refers-the ones "that this section prohibits." In this case, "the acts that" K.S.A. 2017 Supp. 8-1567"prohibits" are "operating or attempting to operate any vehicle within this state while ... the alcohol concentration in the person's blood or breath, as measured within three hours of the time of operating or attempting to operate a vehicle, is .08 or more." K.S.A. 2017 Supp. 8-1567(a)(2). The Wichita ordinance clearly prohibits these same acts, a fact no one disputes. See W.M.O. 11.38.150(a)(1). As such, Gensler's conviction under the Wichita ordinance should be used to determine whether Gensler's current DUI is his first, second, third, fourth, or subsequent conviction.
Instead, having determined that "the" is not sufficiently precise, the majority has substituted its idea of a proper statute in place of the one the Legislature passed. The statutory language "the acts that this section prohibits" now means only the same acts that this section prohibits or a subset of those same acts , thus requiring courts to conduct an elements comparison analysis. See Op. at 493.
But if the Legislature had wanted to impose on this subsection of the DUI statutes a same-elements-or-narrower test, it surely knew how to do so. In other portions of the DUI statutory scheme, the Legislature has demonstrated familiarity with this concept. See K.S.A. 2017 Supp. 8-1567(i)(4) ("the same arrest"), (k)(2) ("the same violation"), (k)(3) ("notwithstanding that the elements of such ordinance violation are the same as the elements of a violation of this section that would constitute, and be punished as, a felony"), (l)(2) ("If the elements of such ordinance violation are the same as the elements of a violation of this section that would constitute, and be punished as, a felony."). The Legislature knew how to reach the result the majority seeks, but it chose not to.
"We should not seek ambiguity where none exists merely for the purpose of invoking the rule of liberal construction." United States Fid. & Guar. Co. v. Western Cas. & Surety Co. , 195 Kan. 603, 605, 408 P.2d 596 (1965). Because K.S.A. 2017 Supp. 8-1567 is unambiguous, our inquiry should begin and end with its text. See National Association of Manufacturers v. Dept. of Defense , 583 U.S. ----, 138 S.Ct. 617, 631, 199 L.Ed. 2d 501 (2018).
For this reason, I respectfully dissent.